**Richard Lee HARRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-82-0846-CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 15, 1983.

Discretionary Review Granted May 2, 1984.

David R. Sivertsen, Houston, for appellant.

Eleanor Montague, Houston, for appellee.

Before BULLOCK, COHEN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

Appellant was convicted of aggravated robbery on a plea of guilty and sentenced by the court to 10 years and 1 day incarceration.

In his second ground of error, appellant asserts that the trial court erred in telling him, after he had been adjudged guilty, that probation of his sentence was a matter for the court's discretion. A conviction for aggravated robbery precludes the possibility of probation from the court. Tex.Code Crim.Pro.Ann. art. 42.12 § 3f(a)(1)(E)(Vernon 1979). The trial court did not comply with Tex.Code Crim.Pro. Ann. art. 26.13(a), (c) (Vernon Supp.1982–1983), which requires proper admonishments on a plea of guilty. Without proper admonishments, a guilty plea cannot be voluntary. *Ramirez v. State,* 655 S.W.2d 319 (Tex.App.—Corpus Christi 1983, no writ hist.). Appellant's guilty plea was not voluntary, since he was not fully advised by the court of the direct consequences of his plea in accordance with article 26.13(a), (c). Appellant's second ground of error is sustained.

We have considered appellant's other grounds of error, and we find them to be without merit.

The trial court's judgment is reversed, and the case is remanded for a new trial.