Richard Lee HARRISON aka Richard Lee Vaughn, Appellant,

v.

The STATE of Texas, Appellee.

No. 110–84.

Court of Criminal Appeals of Texas.

Feb. 20, 1985.

David R. Sivertsen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Eleanor Montague McCarthy, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was charged by indictment with having committed three aggravated robberies. Appellant, a juvenile at the time of the alleged offenses, was properly certified as an adult. After some plea negotiations, appellant pled guilty to count three of the indictment; the State, in turn, dismissed counts one and two and made no recommendation as to punishment. The trial court assessed punishment at ten years and one day confinement in the Texas Department of Corrections. The Court of Appeals held that the trial court had failed to properly admonish appellant insofar as appellant's eligibility for probation was concerned. See Art. 42.12, sec. 3f(a)(1)(D), V.A.C.C.P. *Harrison v. State*, 663 S.W.2d 120, (Tex.App. Houston 1st 1983). The State's (Harris County District Attorney) Petition for Discretionary Review was granted to determine the propriety of the Court of Appeal's holding. We

reverse the Court of Appeals and affirm the trial court.

The trial court at the time of the guilty plea inquired into the existence of a plea bargain and admonished appellant in accordance with Art. 26.13., V.A.C.C.P. While we agree that the trial court erred in admonishing the appellant as regards probation, we find that appellant has failed to show he was misled to his detriment as required by Art. 26.13(c), supra. Error, if any, was harmless.

Although *no motion for probation had been filed by appellant*[1], the trial court proceeded to admonish on probation as follows:

"THE COURT: All right, now, I advise you that if I accept your plea of guilty, I will honor your request and the request of your counsel and the counsel for the State and order a pre-sentence investigation be conducted in the matter before the punishment will be assessed or any sentencing be imposed.

"If that procedure is followed you understand it will rest solely in the discretion of the judge as to what your punishment will be. It can be anything allowed by law.

"THE DEFENDANT: Yes, sir.

(THE COURT): You may or may not be accorded *probation*. That would rest solely in the discretion of the court.

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Being advised now as to the results of your plea of guilty do you still desire the Court to accept your plea of guilty?

"THE DEFENDANT: Yes, sir."

The trial court then accepted appellant's plea; a properly executed stipulation of evidence was entered into the minutes of the court and the court entered a finding of guilt. Sentencing was delayed pending a pre-sentence investigation (PSI) report.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indi- cated.

At sentencing on November 5, 1982, the trial court noted he had reviewed the PSI and asked the appellant and the State if either had any corrections or additions to make to the report; both parties stood mute. No arguments were made and the court sentenced appellant to ten years and a day. No motion for new trial was filed and this appeal followed. Finally, we note that other than the court's statement ante, the only mention of probation, prior to the contention on appeal, appears in the PSI where a hearsay statement by appellant indicates what he would do if granted probation. The PSI was not offered into evidence, although it appears in the record.

■ Firstly, we reject the State's analysis that the trial court did not improperly admonish appellant as to probation since at the time of the admonishment no finding of guilt had been entered and the court *could have* granted deferred adjudication. See. Art. 42.12, 3d(a) V.A.C.C.P. Such an argument requires pure speculation, for the record is devoid of any reference, any indication that any party, much less the trial court, was considering deferred adjudication.

Secondly, the State argues, along the same vein, that the trial court could have found appellant guilty of the lesser included offense of robbery, in which case appellant would have been eligible for probation. This argument also calls for pure speculation for which there is no support in the record. In fact, the clear inference of the trial court's comments is that he was admonishing appellant on the consequences of accepting his plea of guilty to aggravated robbery.

■ As a general proposition, of course, a trial court has no duty to admonish as to the availability of probation. *Shields v. State*, 608 S.W.2d 924 (Tex.Cr.App.1980); *Wilson v. State*, 436 S.W.2d 542 (Tex.Cr. App.1969).

However, this Court has previously found error where a trial court improperly admonishes as to probation when a defendant is ineligible *and* it is apparent from the

record that the defendant is seeking probation. See *Jones v. State*, 596 S.W.2d 910 (Tex.Cr.App.1980); *Lewis v. State*, 630 S.W.2d 809 (Tex.Cr.App.1982); *West v. State*, 661 S.W.2d 305 (Tex.Cr.App.1983).

The Court of Appeals relied upon *Ramirez v. State*, 655 S.W.2d 319 (Tex.App.— Corpus Christi 1983, no P.D.R.) which held that it was error to advise a defendant that probation was discretionary when in fact the offense for which he was pleading guilty was statutorily excluded and probation could not be granted.

■ The reliance of the court of appeals on *Ramirez*, supra, is misplaced. While the holding in *Ramirez* may be correct, insofar as it is error to advise a defendant that he may receive probation when he is statutorily ineligible, the *Ramirez* court noted that such is error *only* when it is apparent that a defendant is affirmatively seeking probation and, as in *Ramirez*, the record is clear that the defendant is pleading guilty in anticipation that he may receive probation. The record in this case does not support a finding that appellant was affirmatively seeking probation and *Ramirez* is therefore inapplicable.

We believe this holding to be consistent with Art. 26.13(c), supra, which provides that "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea *and* that he was misled or harmed by the admonishment of the court."

This is also consistent with this Court's prior holding that an admonishment, even though incomplete, is a prima facie showing of a knowing, voluntary plea of guilty and that the burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed. *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App.1980, en banc.)

We find that the appellant utterly failed to show any reliance on the trial court's misstatement of the availability of probation. As noted ante, the only reference to

probation, other than the court's admonishment, occurs in a hearsay statement in the PSI which was not offered into evidence. Thus, there is no support in the record for appellant's assertion in his brief that he was expecting probation or was misled by the court's erroneous admonishment. See *Beck v. State*, 573 S.W.2d 786 (Tex.Cr.App. 1978, reh. en banc, denied 1978.)

 No motion for probation was filed prior to trial that would have put the court on notice that appellant believed he was eligible for probation. Finally, no protest was made by the appellant, either at sentencing or by the filing of a motion for new trial alleging an involuntary plea. In the state of this record we cannot find that the appellant has met his burden in showing he was harmed or misled by the incorrect admonishment of the trial court.[2]

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

CLINTON, Judge, concurring.

It seems to me that what the trial court and parties did in this cause hews so closely to contemplations of the Adult Probation, Parole and Mandatory Supervision Law, Article 42.12 V.A.C.C.P. and other procedural statutes, that criticisms leveled at one or the other are wide the mark.

At the outset, however, it should be noted that the court of appeals seems to have construed the ground of error to be "that the trial court erred in telling him, *after he had been adjudged guilty,* that probation of his sentence was a matter for the court's discretion."[1] *Harrison v. State*, 663 S.W.2d 120, 121 Tex.App.—Houston (1st) 1983. If that were the case, chances are it would not be in this Court.

Pursuant to Article 26.13, V.A.C.C.P., that "[p]rior to *accepting* a plea of guilty ... the court shall admonish the defend-

ant" of the matters therein prescribed, the trial judge did just that, albeit not in the precise order of the statute. The judge inquired of appellant if he were prepared to enter a plea to the charge of aggravated robbery as contained in the third count of the indictment; appellant responded affirmatively, and when asked how he pleaded, answered "guilty." Consistent with ascertaining that the plea was "free and voluntary," the judge engaged a colloquy with appellant that included the following:

> "THE COURT: Have you been promised anything in order to cause you to enter a plea of guilty to such charge?
>
> DEFENDANT: No, sir.
>
> THE COURT: Anyone promised you that you would get an early parole or pardon or *probation* or anything else?
>
> DEFENDANT: No, sir."

The judge examined "the plea papers" and in line with Article 26.13(a)(2) had appellant confirm that the parties proposed to request the court to order a presentence investigation report; the judge learned from the prosecutor that there would not be an "agreed recommendation" as to punishment. The court then admonished appellant of the range of punishment attached to the offense to which he was pleading guilty, and during the course of explaining the consequences or lack of any bargain with respect to punishment cautioned appellant in words that have been perceived as presenting a problem, *viz:*

> "You may or may not be accorded *probation.* That would rest solely in the discretion of the Court."

That done, the judge asked, "Being advised now as to the results of your plea of guilty, do you still desire the Court to accept your plea of guilty?" Appellant replied, "Yes, sir." The proceeding then continued as indicated in the opinion of the Court to a finding of guilt.

---

2. We note in passing that a cautious trial judge would be wise to admonish a defendant who is not eligible for probation of that fact; however, absent a showing of harm, such failure is not reversible error. *McNew v. State*, 608 S.W.2d 166 (Tex.Cr.App.1980).

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

Thus, there being no plea bargain agreement with respect to punishment, as that matter stood during the admonitional part of the plea hearing, every proper punishment alternative was available to the trial court. The majority emphasizes, however, "no motion for probation had been filed by appellant." But if trial is before the court on a guilty plea, the statute does not require an application for probation be filed as a requisite for a trial court to consider and grant probation. See §§ 3, 3c and 3d(a) and Special Commentary to Article 42.12;[2] see also generally *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex.Cr.App. 1979). Only when a recommendation for probation is sought from a jury does the statute require "a written sworn motion made therefor by the defendant, filed before the trial begins," § 3a.

Accordingly, there is no legal significance whatsoever to the fact that a written application for probation had not been filed. The situation was as the trial judge had stated to appellant: *"[I]f I accept your plea of guilty*, I will honor the request ... and order a pre-sentence investigation to be conducted ... before the punishment will be assessed or any sentence be imposed [and] *[i]f that procedure is followed* you understand it will rest solely in the discretion of the judge as to what your punishment will be. It can be *anything allowed by law."*[3]

One proper punishment alternative then *available* to the trial judge was indeed deferred adjudication with "any reasonable terms and conditions of probation" under § 3d(a). That "the record is devoid of any reference, any indication that any party much less the trial court, was *considering* deferred adjudication" is beside the point. What we are dealing with here is a question of "substantial compliance by the court" with requisites of Article 26.13 within the meaning of § (c). That it was an alternative "allowed by law" at the time cannot be dismissed simply as "pure speculation."[4]

It is on the bases stated herein that I join the judgment of the Court.

ONION, P.J., and McCORMICK, J., join.

TEAGUE, Judge, dissenting.

First off, let me expressly point out that because of the offense for which he was convicted, aggravated robbery, Richard Lee Harrison, aka Richard Lee Vaughn, appellant, was, as a matter of law, prohibited from being placed on "regular" adult probation by the trial judge.

Notwithstanding the pitiful condition of the record on appeal in this cause, the Houston (First) Court of Appeals ordered the conviction of Richard Lee Harrison, aka Richard Lee Vaughn, appellant, reversed after it found that appellant's plea of guilty was involuntary. See *Harrison v. State*, 663 S.W.2d 120 (Tex.App.—Houston [1st] 1984). Before reversing appellant's conviction, I believe that that court should have remanded the cause to the trial court for a hearing on whether appellant's plea of guilty was voluntary. The record on appeal simply will not support the decision of the court of appeals. But now a majority of this Court compounds the error of omission that was committed by the court of

---

**2.** "Like old Article 781d, there is no requirement for a written motion for probation when the trial is before the judge alone; though it is generally the better practice to require one." Under Article 27.02, V.A.C.C.P., listed among a defendant's pleadings is "(6) An application for probation, if any." However, neither that listing nor any other provision of the code purports to condition exercise of judicial authority to grant probation upon an application being on file.

**3.** Article 37.07, § 3(d) had been amended effective September 1, 1981, to authorize a trial judge

similarly situated to "order an investigative report as contemplated by Section 4 of Article 42.12 of this code" and "after considering the report" and hearing evidence, to assess punishment.

**4.** Of course, once the trial court proceeded to adjudicate guilt of appellant neither deferred adjudication nor probation was a viable alternate punishment, but that development would not retroactively undo "substantial compliance" with admonishment requirements of Article 26.-13.

appeals by reversing the decision of the court of appeals on a record that has not improved since it reached the court of appeals.

Because I am unable to agree with the majority that the record on appeal sufficiently reflects that appellant was not misled to his detriment by the trial judge's statements, namely: "You may or may not be accorded probation. That would rest solely in the discretion of the court.", I am compelled to dissent.

Although I am not in agreement with the majority opinion, because of the condition of the record on appeal, I am also not in agreement with the opinion of the court of appeals for that very same reason. In the interest of judicial economy, I vote to remand this cause to the trial court for a hearing on the issues, whether appellant's plea of guilty was knowingly, intelligently, and voluntarily entered, and whether he entered his plea of guilty on the erroneous premise that he might be considered by the trial judge as a candidate for "regular" adult probation.

Because the majority refuses to order a hearing to be held in the trial court, I must respectfully dissent.