Opinion issued February 19, 2004.

















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01183-CR




RICHARD WILLIAM RINGLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 917479




MEMORANDUM OPINION

          The State charged appellant, Richard William Ringley, with a felony violation
of a protective order in the course of committing a domestic assault. Ringley waived
his right to present the case to a grand jury, and pleaded guilty. The trial court
accepted Ringley’s plea, and deferred assessing punishment until after the return of
the pre-sentence investigation report (PSI). After reviewing the PSI, the trial court
found Ringley guilty, and assessed punishment at eight years’ confinement and a fine
of $10,000. Ringley appealed.
          Ringley’s appointed appellate counsel filed an Anders brief and moved to
withdraw, representing that his review of the record revealed no arguable grounds of
error. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Counsel advised Ringley of his evaluation, and informed him that he had the right to
file a pro-se appellate brief. Ringley thereafter filed his pro-se brief.
          In one point of error, Ringley contends that he was denied effective assistance
of counsel and that his guilty plea was involuntary due to his attorney’s purported
ineffective assistance. We affirm.
Ineffective Assistance of Counsel
          Ringley contends that his trial counsel rendered ineffective assistance by (1)
purportedly misrepresenting that a plea agreement for probation existed, (2) failing
to determine whether Ringley made a voluntary and knowing plea, and (3) failing to
give meaningful legal advice regarding his decision to plead guilty because the
information and waiver of indictment were filed the same day that Ringley entered
his guilty plea.
          We follow the two-pronged test announced in Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In order to prevail, Ringley must prove
that (1) his counsel’s representation was deficient; and (2) the deficient performance
was so serious that it prejudiced his defense. See id. We begin our analysis with a
strong presumption that counsel’s conduct was reasonable. Id., 466 U.S. at 689, 104
S. Ct. at 2065. Accordingly, the allegation of ineffective assistance must be firmly
founded and affirmatively demonstrated in the record. Henderson v. State, 29 S.W.3d
616, 624 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). When attacking a guilty
plea on the basis of ineffective assistance of counsel, Ringley must demonstrate that
the alleged deficiencies caused his plea to be unknowing and involuntary. Rodriguez
v. State, 899 S.W.2d 658, 666 (Tex. Crim. App. 1998).
          Ringley does not cite any portion of the record to support his allegations. We
have reviewed the record, however, and determined that it is insufficient to rebut the
presumption that defense counsel’s representation was reasonably competent. 
Ringley waived the presence of a court reporter at the time that he entered his plea. 
Ringley filed a motion for new trial, but did not secure a hearing on the motion, and
thus did not develop a record of his counsel’s conduct. During the punishment
hearing, immediately after the trial court found Ringley guilty and assessed Ringley’s
punishment, the trial court asked Ringley: “Do you have anything to say why
sentence should not be pronounced against you at this time?” Ringley did not
respond. At no time did Ringley complain that (1) his attorney rendered ineffective
assistance, (2) that his attorney represented to him that he would receive probation,
or (3) that the timing of the filing of the information and the date that he entered his
plea prevented him from receiving effective assistance. Ringley, moreover,
specifically waived “any further time to prepare for trial to which I or my attorney
may be entitled.” In fact, Ringley signed documents to the contrary, including one
stating “I am satisfied that the attorney representing me today in court has properly
represented me. . .” To find Ringley’s counsel ineffective requires speculation, and
speculation cannot provide a basis upon which to sustain his claim. Gamble v. State,
916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no writ).
Guilty Plea
          Ringley further contends that his guilty plea was involuntary because of his
attorney’s purported ineffective assistance. Specifically, Ringley contends that his
attorney “. . . made no attempt to determine if the plea was voluntary and knowing.” 
The record, however, reveals a different set of facts. Ringley, his attorney, and the
State’s attorney each executed a “Waiver Of Constitutional Rights, Agreement To
Stipulate, And Judicial Confession.” That document states:
. . . I am satisfied that the attorney representing me today in court has
properly represented me and I have fully discussed this case with him. 
I intend to enter a plea of guilty without an agreed recommendation. . .
and I agree to that recommendation.

Ringley signed written admonishments, and initialed each relevant paragraph. He
further acknowledged:
the State will make the plea bargain agreement or recommendation, if
any, set forth in the Waiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession herein and I understand the
consequences, as set out above, should the trial court accept or refuse to
accept the plea bargain or plea without an agreed recommendation.

Ringley’s attorney represented in Ringley’s written judicial confession that he
believed appellant’s statements were knowingly and voluntarily made after he fully
discussed with Ringley the written statements and their consequences. The trial court
verified that it had determined that Ringley’s pleas were voluntarily made and signed
these documents. See Rodriguez v. State, 899 S.W.2d 658, (Tex. Crim. App. 1995)
(trial court’s verification that appellant “knowingly and intelligently” entered his plea
and had been advised of detrimental effects of his plea supported contention that trial
counsel did not render ineffective assistance). The documents advised Ringley of the
range of punishment for the offense, and the consequences of his guilty plea. His
contention that he believed that he would receive probation is without merit. See
Fimberg v. State, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet.
ref’d) (defendant’s claim that he was misinformed by counsel, standing alone, is
insufficient to render plea involuntary).
          The Court of Criminal Appeals has held that admonishments of this type 
constitute a prima facie showing of a knowing, voluntary plea of guilty, and, if
provided, shift the burden to the defendant to show that he entered the plea without
understanding its consequences. Harrison v. State, 688 S.W.2d 497, 499 (Tex. Crim.
App. 1985).
          We overrule Ringley’s point of error. We grant counsel’s motion to withdraw.


 
All other pending motions are denied.
Conclusion
          We hold that Ringley has failed to show that his plea of guilty was involuntary
or that his counsel rendered ineffective assistance. We therefore affirm the judgment
of the trial court.
 

                                                             Jane N. Bland
                                                             Justice

Panel consists of Justices Taft, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).