NO. 07-05-0088-CR
NO. 07-05-0089-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 10, 2006

_____


SHANNON DEWAYNE THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 49,282-B & 49,283-B; HONORABLE JOHN BOARD, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following open pleas of guilty, appellant Shannon Dewayne Thompson was convicted of indecency with a child and aggravated sexual assault of a child. Punishment was assessed at 20 years confinement. Presenting a sole issue, appellant contends the

trial court erred in failing to accurately admonish him on probation prior to accepting his pleas. We affirm.

Appellant was convicted of offenses for which probation is not available.[1] *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(C) & (E) (Vernon Pamph. Supp. 2005). Pursuant to a plea of guilty, the trial court must admonish a defendant, among other things, on the range of punishment. *See id.* at art. 26.13(a)(1) (Vernon Supp. 2005). The range of punishment does not include probation. Price v. State, 866 S.W.2d 606, 610 (Tex.Cr.App. 1993). If, however, a court volunteers an admonishment on the availability of probation, it imposes a duty upon itself to accurately admonish the defendant. Ex Parte Williams, 704 S.W.2d 773, 775 (Tex.Cr.App. 1986). Error has been found when a trial court improperly admonishes a defendant regarding probation, and the record demonstrates the defendant was seeking probation. Harrison v. State, 688 S.W.2d 497, 499 (Tex.Cr.App. 1985).

Appellant argues the trial court erred in misstating his eligibility for probation thereby making him unaware of the consequences of his plea because he was seeking probation. The State contends, and we agree, that when taken in its entire context, the plea hearing demonstrates appellant was hoping for deferred adjudication probation, for which he was eligible.

---

[1]The Legislature replaced the term probation with the phrase "community supervision" in 1993. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3716.

In part, appellant was admonished as follows:

The Court: Do you understand – well, there is no recommendation in these cases, so do you understand that pursuant to your plea, I have a number of things that I could do? I could put you on probation, I could defer adjudication, I could find you guilty and sentence you up to those ranges of punishment that we talked about in this case – you understand those are kind of the ranges of the things that could happen today?

[Appellant]: Yes, sir.

Taken out of context, the court's admonishment appears to offer regular probation. However, a review of the entire plea proceeding and the record from the motion for new trial hearing demonstrate appellant testified in hope of, and defense counsel argued for, deferred adjudication probation. The offenses appellant was charged with did not preclude his eligibility for deferred adjudication community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a).

Prior to hearing punishment evidence, the trial court announced, "I do accept your plea[s] of guilty. I find the evidence is sufficient to sustain a finding of guilt, *but I will reserve my final judgment until such time as I have heard the punishment evidence . . . .*" (Emphasis added). During the punishment phase, appellant testified as follows:

Q. You're here today because you want to ask the Judge to put you on deferred probation.
A. Yes.

\* \* \*

Q. That's the plans [sic] you have in the near future should the Judge grant your desire for deferred probation?

3

A. Yes.

Q. Now, we've talked about the requirements that you are going to have – whether you are found guilty and then convicted . . . .

A. Yes.

Following presentation of the punishment evidence, the trial court announced it found appellant guilty in both causes and sentenced appellant to 20 years confinement.

At the hearing on the motion for new trial, defense counsel pleaded with the trial court to postpone its decision and give appellant another chance. Counsel stated, "[i]f you put him on deferred adjudication, you would still have the full range of punishment."

A review of the proceedings in the underlying causes demonstrates the trial court did not erroneously admonish appellant that he was eligible for regular probation. Also, we have found nothing in the record showing appellant misunderstood the consequences of his plea. Appellant's sole issue is overruled.

Accordingly, the trial court's judgments are affirmed.


Don H. Reavis
Justice


Do not publish.