NO. 07-05-0088-CR


NO. 07-05-0089-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 10, 2006



______________________________




SHANNON DEWAYNE THOMPSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 49,282-B & 49,283-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Following open pleas of guilty, appellant Shannon Dewayne Thompson was
convicted of indecency with a child and aggravated sexual assault of a child. Punishment
was assessed at 20 years confinement. Presenting a sole issue, appellant contends the
trial court erred in failing to accurately admonish him on probation prior to accepting his
pleas. We affirm.

 Appellant was convicted of offenses for which probation is not available. (1) See Tex.
Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(C) & (E) (Vernon Pamph. Supp. 2005). 
Pursuant to a plea of guilty, the trial court must admonish a defendant, among other things,
on the range of punishment. See id. at art. 26.13(a)(1) (Vernon Supp. 2005). The range
of punishment does not include probation. Price v. State, 866 S.W.2d 606, 610
(Tex.Cr.App. 1993). If, however, a court volunteers an admonishment on the availability
of probation, it imposes a duty upon itself to accurately admonish the defendant. Ex Parte
Williams, 704 S.W.2d 773, 775 (Tex.Cr.App. 1986). Error has been found when a trial
court improperly admonishes a defendant regarding probation, and the record
demonstrates the defendant was seeking probation. Harrison v. State, 688 S.W.2d 497,
499 (Tex.Cr.App. 1985).

 Appellant argues the trial court erred in misstating his eligibility for probation thereby
making him unaware of the consequences of his plea because he was seeking probation. 
The State contends, and we agree, that when taken in its entire context, the plea hearing
demonstrates appellant was hoping for deferred adjudication probation, for which he was
eligible.

 In part, appellant was admonished as follows:

 The Court: Do you understand - well, there is no recommendation in these
cases, so do you understand that pursuant to your plea, I have a number of
things that I could do? I could put you on probation, I could defer
adjudication, I could find you guilty and sentence you up to those ranges of
punishment that we talked about in this case - you understand those are kind
of the ranges of the things that could happen today?

 [Appellant]: Yes, sir. 


Taken out of context, the court's admonishment appears to offer regular probation. 
However, a review of the entire plea proceeding and the record from the motion for new
trial hearing demonstrate appellant testified in hope of, and defense counsel argued for,
deferred adjudication probation. The offenses appellant was charged with did not preclude
his eligibility for deferred adjudication community supervision. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(a). 

 Prior to hearing punishment evidence, the trial court announced, "I do accept your
plea[s] of guilty. I find the evidence is sufficient to sustain a finding of guilt, but I will reserve
my final judgment until such time as I have heard the punishment evidence . . . ." 
(Emphasis added). During the punishment phase, appellant testified as follows:

 Q. You're here today because you want to ask the Judge to put you on
deferred probation.

 A. Yes.

* * *


 Q. That's the plans [sic] you have in the near future should the Judge grant
your desire for deferred probation?

 A. Yes.

 Q. Now, we've talked about the requirements that you are going to have -
whether you are found guilty and then convicted . . . .

 A. Yes.


Following presentation of the punishment evidence, the trial court announced it found
appellant guilty in both causes and sentenced appellant to 20 years confinement.

 At the hearing on the motion for new trial, defense counsel pleaded with the trial
court to postpone its decision and give appellant another chance. Counsel stated, "[i]f you 
put him on deferred adjudication, you would still have the full range of punishment."

 A review of the proceedings in the underlying causes demonstrates the trial court
did not erroneously admonish appellant that he was eligible for regular probation. Also, we
have found nothing in the record showing appellant misunderstood the consequences of
his plea. Appellant's sole issue is overruled.

 Accordingly, the trial court's judgments are affirmed.


 Don H. Reavis

 Justice


 


Do not publish.
1. The Legislature replaced the term probation with the phrase "community
supervision" in 1993. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.
Gen. Laws 3586, 3716.