# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00657-CR

**Salvador Gutierrez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. D-1-DC-10-302141, HONORABLE KAREN SAGE, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Appellant Salvador Gutierrez pled guilty to aggravated assault with a deadly weapon. The trial court sentenced him to forty-five years in prison. *See* Tex. Penal Code § 22.02 (establishing that assault with deadly weapon resulting in serious bodily injury to family member is first-degree felony). Gutierrez challenges his conviction in two issues, asserting that (1) the trial court erroneously admonished him about the possibility of probation, rendering his guilty plea not knowing or voluntary under Texas Code of Criminal Procedure Article 26.13; and (2) he received ineffective assistance of counsel when pleading to the charged offense. We will affirm the trial court's judgment.

### BACKGROUND

In early September 2010, Gutierrez moved back in with Delia Saucedo, the mother of two of his children. Gutierrez and Saucedo had lived together off and on since 1999. On the

evening of September 29, 2010, Gutierrez and Saucedo argued, and Gutierrez stabbed Saucedo four to eight times in her belly while their ten-year-old daughter was present. Gutierrez had unplugged the landline and removed the battery from Saucedo's cell phone, so their daughter went to a neighbor's house and the neighbor called the police. When Saucedo arrived at the hospital, she was bleeding to death and in critical condition. She was hospitalized for a month and a half. She eventually had six surgeries to repair her internal organs. Gutierrez was indicted for aggravated assault, family violence, with a deadly weapon and for assault family violence with two prior assault family violence convictions.

At Gutierrez's plea hearing before the trial court on July 11, 2011, the State waived the second count, and Gutierrez appeared to enter his plea on the charge of aggravated assault, family violence, with a deadly weapon. Before the hearing, he signed the trial court's form entitled "Plea of Guilty, Admonishments, Voluntary Statements, Waivers, Stipulation & Judicial Confession" (the "Plea and Admonishments form"). He initialed the blanks next to the punishment range provided for a first-degree felony ("a term of life or any term of not more than 99 years or less than 5 years in the Texas Department of Criminal Justice and, in addition, a fine not to exceed $10,000"), the admission and judicial confession to the charged offense alleged in the indictment, the plea of guilty, and the statement of citizenship. The boilerplate language in the section entitled "plea of guilty" states:

> I voluntarily enter my plea of GUILTY to the abovementioned offense. I am pleading guilty (or *nolo contendere*) because I am guilty and for no other reason. My plea is entered freely and voluntarily, and without any coercion, duress or promise of benefit other than that stated in the plea bargain agreement. I request the Court to consider probating any sentence imposed, and as to the issue of punishment agree that the pre-sentence investigation report of the Community Supervision and Corrections Department may be considered by the Court.

At the hearing, Gutierrez affirmed that his attorney had reviewed the Plea and Admonishments form with him before he signed it.

At the outset of the hearing, the trial court admonished Gutierrez about the range of punishment applicable to his offense, informing him that he could face "anywhere from five years to 99 years or life and face a $10,000 fine." The trial court also verified that Gutierrez understood the effect that the guilty plea could have on his immigration status. The trial court confirmed that Gutierrez understood all the rights that he was waiving by pleading guilty and signing the Plea and Admonishments and that he had signed the form freely and voluntarily. The trial court further confirmed that there was no plea agreement between the parties and informed Gutierrez that there would be an evidentiary hearing on August 22 after which the court would decide his punishment. The trial court then reiterated that Gutierrez could be sentenced anywhere in the range of 5 years to 99 years.

Next, the trial court asked if Gutierrez was eligible for probation. Defense counsel responded that he was, and the prosecutor agreed by saying, "Technically." Based on this information, the trial court inaccurately informed Gutierrez that probation was also an option.[1] *See* Tex. Code Crim. Proc. art. 42.12 § 3g(a)(2) (precluding judge-ordered probation when defendant used or exhibited deadly weapon during commission of felony offense). The trial court also informed Gutierrez that it could not make him any promises about what his sentence would be and verified that no one else had made him any promises.

---

[1] The State acknowledges on appeal that this admonishment was inaccurate.

Gutierrez then pled guilty, and when the trial court asked whether he was pleading guilty because he was guilty and for no other reason, Gutierrez stated, "Because I'm guilty." Immediately after that, the prosecutor notified the district court of the error regarding probation, stating that he had just realized that "because he's pled guilty to a deadly weapon, he is no longer probation eligible," and defense counsel agreed, "That is true, yeah." At that point, the trial court stated to Gutierrez, "Right. So you are not probation eligible." The trial court then found that the Plea and Admonishments form provided sufficient evidence to corroborate Gutierrez's guilty plea and found him "guilty of the offense of aggravated assault with a deadly weapon, family violence, a first-degree felony." In the course of discussing whether the defense wanted a pre-sentence investigation, the court stated again that "probation is not on the table." After that discussion, the court scheduled the sentencing hearing for August 22.

At the beginning of the sentencing hearing, the trial court reaffirmed that the punishment range was between 5 years and 99 years to life, no plea agreement existed, and no promises had been made to Gutierrez about what his sentence would be. Both the prosecution and defense put on witnesses and presented other evidence relevant to punishment. At the close of the hearing, the trial court sentenced Gutierrez to forty-five years in prison.

**DISCUSSION**

Gutierrez contends that the trial court's judgment should be reversed and he should receive a new trial because (1) the trial court's erroneous admonishment about the possibility of probation rendered his guilty plea not knowing or voluntary under Article 26.13, and (2) his trial counsel was ineffective because he failed to properly advise Gutierrez about probation eligibility.

4

**Effect of erroneous admonishment about probation**

We first consider whether Gutierrez's guilty plea was knowing and voluntary under Article 26.13. Federal due process requires waivers of constitutional rights to be knowing, intelligent, and voluntary. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969)). A guilty plea waives three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. *Id.* Consequently, to be constitutionally valid, a guilty plea must be an intentional relinquishment of a known right or privilege. *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Under Article 26.13(a), the trial court must admonish a defendant about certain specific consequences of a guilty plea before it accepts the plea. *See* Tex. Code Crim. Proc. art. 26.13(a). The Article 26.13 admonishments are not constitutionally required; their purpose is to help the trial court decide whether the guilty plea is knowingly and voluntarily entered. *See Aguirre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999). Thus, a claim that the trial court failed to follow Article 26.13's mandate alleges statutory error, not constitutional error. *Burnett v. State*, 88 S.W.3d 633, 637-38 (Tex. Crim. App. 2002) (analyzing harm under Texas Rule of Appellate Procedure 44.2(b) to determine whether defendant's substantial rights were affected).

The trial court must admonish the defendant on the range of punishment before accepting a guilty plea. *See* Tex. Code Crim. Proc. art. 26.13(a)(1). Probation is not considered part of the "range of punishment" for admonishment purposes, however, and the trial court is not required to admonish a defendant about his probation eligibility. *See Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986). Although there is no mandatory duty to admonish the defendant about his

5

probation eligibility, if the trial court chooses to admonish the defendant about it, the court assumes the duty to do so accurately when it is apparent from the record that the defendant was affirmatively seeking probation. *See id.* at 776-77 (holding defendant who actively sought probation during plea negotiations and filed probation application after being told by trial court that he would be placed on probation was harmed by trial court's incorrect admonishment that he was entitled to probation); *see also Harrison v. State*, 688 S.W.2d 497, 499-500 (Tex. Crim. App. 1985) (holding trial court's error, if any, was harmless because defendant had not filed motion for probation or otherwise shown he was affirmatively seeking probation or that he relied on court's incorrect probation admonishment).

The requirement that the record must show that the defendant was affirmatively seeking probation stems from Article 26.13's substantial-compliance provision. *See* Tex. Code Crim. Proc. art. 26.13(c). Article 26.13(c) establishes that a trial court's substantial compliance with the admonishment requirement is sufficient unless the defendant affirmatively shows lack of awareness of the consequences of his plea and that he was misled or harmed by the admonishment. This is consistent with what the court of criminal appeals has long held: the defendant's receipt of an admonishment, even an incomplete admonishment, is a prima facie showing of a knowing and voluntary guilty plea. *Harrison*, 688 S.W.2d at 499. The statute then shifts the burden to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed. Tex. Code Crim. Proc. art. 26.13(c). Unless the record shows that the defendant was affirmatively seeking probation, an inaccurate admonishment about probation eligibility satisfies Article 26.13(c)'s substantial-compliance requirement because a defendant who is not affirmatively seeking probation will not be able to demonstrate that he was misled or harmed by the court's

6

inaccurate admonishment.  *See Harrison*, 688 S.W.2d at 499-500.  Accordingly, to establish that a plea was involuntarily induced, our review of the record as a whole must establish that (1) the trial court volunteered an admonishment about probation and the defendant affirmatively sought probation, creating an affirmative duty on the trial court's part to provide accurate information; (2) the admonishment included inaccurate information on the availability of probation, rendering the defendant unaware of the consequences of his plea; and (3) the defendant can make an objective showing that he was misled or harmed by the inaccurate admonishment because he relied on the information and pled guilty in anticipation that he might receive probation.  *See Williams*, 704 S.W.2d at 776-78.

Thus, we must first consider whether the record shows that Gutierrez was affirmatively seeking probation so that we may determine whether the trial court had imposed upon itself the duty to accurately admonish him about it.  *See Harrison*, 688 S.W.2d at 499.  The only proof that Gutierrez offers to show that he was affirmatively seeking probation is his initialing of the blank next to the "plea of guilty" section in the Plea and Admonishments form.  He asserts that this was a specific request for consideration for probation.

While the paragraph does contain a request that the trial court "consider probating any sentence imposed," the Plea and Admonishments form is a preprinted, boilerplate form designed to cover a wide variety of situations.  The "plea of guilty" paragraph quoted above also refers to a "plea bargain agreement" and a "pre-sentence investigation report," neither of which are present in Gutierrez's case.  This is the only paragraph available for defendants to initial to indicate a guilty plea.  In the absence of any other indication that Gutierrez affirmatively sought probation, we

7

decline to speculate that Gutierrez's initials next to this paragraph show that he was affirmatively seeking probation. *See Tabora v. State*, 14 S.W.3d 332, 334-35 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that statement in preprinted form standing alone did not suffice to show defendant was misled about the possibility of deferred adjudication probation). This evidence is insufficient to support a finding that Gutierrez was affirmatively seeking probation.[2]

In addition, nothing in the record indicates that Gutierrez actively sought probation during plea negotiations.[3] *See Williams*, 704 S.W.2d at 777 (explaining that defendant actively sought probation during plea negotiations and trial court agreed to grant probation). In this case, the evidence supports the opposite inference—that Gutierrez did not anticipate that he might receive probation. At Gutierrez's plea hearing, before any discussion about whether Gutierrez was eligible for probation, the trial court inquired about the State's last plea-bargain offer. The State had last offered 55 years, and at one point Gutierrez had made an offer of 25 years, which had been rejected. Gutierrez's offer of 25 years, not probation, supports an inference that he was not anticipating that he might receive

---

[2] Gutierrez also argues that there is no evidence that he ever actually knew he was ineligible for probation because the Plea and Admonishments form does not specifically except his offense from probation consideration. As noted above, there is no statutory or constitutional requirement that a defendant be admonished about probation at all. To establish that the trial court had imposed upon itself the duty to admonish him correctly, Gutierrez must show he was seeking probation. The State is not required to show that he knew he was ineligible.

[3] Gutierrez's inaction in this case contrasts markedly with the actions of the defendant in *Williams*. The defendant in *Williams* actively sought probation during plea negotiations, filed a motion for probation, and he and his attorney both testified at the hearing on his motion for new trial that they fully expected him to receive probation. *Ex parte Williams*, 704 S.W.2d 773, 777-78 (Tex. Crim. App. 1986). Before entering plea negotiations, the defendant was willing to proceed to trial; he pled guilty only after the trial court assured him that he would receive probation. *Id.* Because the defendant had already satisfied the threshold requirement that he had affirmatively sought probation, the court of criminal appeals considered all these things to be objective evidence that the defendant was harmed by the inaccurate admonishment. *See id.*

probation when he pled guilty. Gutierrez contends that we can infer from his efforts to establish mitigating evidence for sentencing that his belief in his eligibility for probation and in the strength of his mitigating evidence "*likely* influenced his decision to reject the State's plea offer and leave sentencing to the District Court."[4] (Emphasis added.) But we can also reasonably infer from Gutierrez's efforts to establish mitigating evidence and his last plea offer to the State that he knew probation was not an option and hoped that the trial court would sentence him to something between 25 and 55 years. Moreover, his trial counsel argued at the sentencing hearing that Gutierrez was hoping for a jail sentence that was more narrowly tailored to someone who had mental problems and that "[p]art of the strategy involved in going to [the trial court] for punishment is [its] experience in all of these [mental health] areas . . . ." Gutierrez's counsel acknowledged that Gutierrez's crime should be punished with significant jail time, but he argued for a sentence in the range of 10 to 15 years rather than 45 to 55 years.

Finally, Gutierrez asserts that nothing in the record shows that he actually knew at any point in the plea hearing that he was ineligible for probation because he remained silent after the trial court informed him he was not eligible. This argument inverts the proper test—to warrant a reversal, "the record must support an inference that appellant *did not know* the consequences of his plea." *Burnett*, 88 S.W.3d at 638. Gutierrez contends that the trial court should have either directly

---

[4] At the sentencing hearing, Gutierrez introduced evidence of medical records from his suicide attempt that occurred approximately one year before he attacked Saucedo. He also offered into evidence a certificate showing completion of a semester of English as a Second Language offered through Austin Community College and a certificate of participation in a class about understanding and preventing domestic violence, both of which he earned while incarcerated for this offense. Six family members testified on his behalf.

9

asked him if he had actually heard and understood that it had changed its admonishment about probation or asked him to replead under the correct admonishment because a silent record is insufficient to show that his plea is knowing and voluntary, citing *Boykin*, 395 U.S. at 242. The record in this case is not silent in the sense described in *Boykin*. *See id.* at 239 (explaining that trial court asked no questions of defendant and defendant did not address trial court about guilty plea). The trial court repeated three different times during the short plea hearing that Gutierrez was not eligible for probation. Gutierrez's failure to react or to protest upon hearing that he was not probation eligible is a circumstance from which we can infer that he was not anticipating that he might receive probation. *See Davison v. State*, ___ S.W.3d ___, No. PD-1236-12, 2013 WL 2212326, at *4-5 (Tex. Crim. App. May 22, 2013) (explaining that defendant's notice of enhancement paragraphs in indictment coupled with his failure to protest when sentenced was circumstance indicating defendant's knowledge of enhancement range of punishment at time he entered guilty plea); *Burnett*, 88 S.W.3d at 639-41 (explaining that defendant's and counsel's failure to object or attempt to withdraw plea in response to repeated references to range of punishment was circumstance supporting inference that defendant knew range of punishment that he faced). In this case, Gutierrez had three opportunities to assert that his plea was involuntary because of the trial court's misstatement about probation: the plea hearing, the sentencing hearing (which was held over a month later), and a motion for new trial. *See Tabora*, 14 S.W.3d at 335 (holding absence of claim that plea was involuntary was indication that defendant was not misled by preprinted statement). Gutierrez never made such a claim. We infer from his lack of protest when the trial court corrected its statement about his probation eligibility that he was not affirmatively seeking probation and that

10

he did not base his guilty plea on any anticipation that he might receive probation.[5]  *See Davison*, 2013 WL 2212326, at *4-5; *Burnett*, 88 S.W.3d at 639-41.

We conclude that in the absence of a showing that Gutierrez was affirmatively seeking probation or that he was pleading guilty in anticipation that he might receive probation, the trial court had no duty to accurately inform him about his eligibility for probation—a matter about which a defendant is neither constitutionally nor statutorily entitled to be informed.[6]  We overrule Gutierrez's first issue.

**Effectiveness of counsel**

In his second issue, Gutierrez contends that his trial counsel was ineffective because he failed to properly advise Gutierrez about his probation eligibility.  A defendant who challenges

---

[5]  Gutierrez argues that the record creates a concern about his English-language proficiency because he had recently taken an English class and had taken other classwork in Spanish.  He contends that his limited English proficiency makes it doubtful that he could follow "the ongoing rapid parlance of open court" and supports an inference that his plea was not knowing or voluntary.  The record does not create a concern about either Gutierrez's English proficiency or his ability to understand what was happening at the plea hearing.  Gutierrez signed the Plea and Admonishments form under the paragraph that states "Defendants who read and write the English language sign here: I can read and write the English language . . . ."  At the plea hearing, he responded cogently to the court's questions without requesting clarification.  He did not ask for an interpreter at either the plea hearing or the sentencing hearing.  In fact, at the sentencing hearing, when the trial court asked whether there were any Spanish-speaking witnesses needing an interpreter, it was Gutierrez who responded:  "Only my mom."

[6]  We note that even if we were to assume for the sake of argument that the trial court had a duty to accurately inform Gutierrez about his probation eligibility, all of the evidence indicating that Gutierrez was not actively seeking probation and did not plead guilty in anticipation that he might receive probation also precludes him from making an objective showing that he was misled or harmed by the inaccurate admonishment because he cannot show detrimental reliance on the admonishment. *See Williams*, 704 S.W.2d at 777-78.  Thus, any error on the trial court's part would be harmless.

11

the voluntariness of a guilty plea based on ineffective assistance of counsel must show by a preponderance of the evidence that (1) his counsel's advice was outside the range of competence demanded of attorneys in criminal cases and (2) there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and instead would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985) (applying test established in *Strickland v. Washington*, 466 U.S. 668 (1984), in involuntary-plea context); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Our review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). To overcome this presumption, "'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Salinas v. State,* 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (quoting *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)). On direct appeal, a reviewing court will rarely be in a position to fairly evaluate the merits of an ineffective-assistance claim because the record in most cases is undeveloped and cannot adequately reflect the motives behind trial counsel's conduct. *Id.* The record for this type of claim is best developed by an evidentiary hearing on (or affidavits filed with) a motion for new trial or an application for a writ of habeas corpus. *Tabora*, 14 S.W.3d at 336.

Gutierrez asks us to infer that because his counsel erroneously believed that Gutierrez was eligible for probation before the plea hearing, he relied on his counsel's erroneous advice when signing the Plea and Admonishments form and initialing the guilty plea that also contained a boilerplate request for probation. In particular, Gutierrez asks us to infer from Gutierrez's

12

"specifically request[ing] that the District Court consider probating his sentence" that his attorney covered the information about probation with him. Gutierrez also argues that his counsel failed to remedy his error because counsel did not confer with Gutierrez about the consequences of his plea after the trial court informed him he was not eligible for probation to ensure that Gutierrez still wished to proceed with pleading guilty. He further asserts that his counsel should have advised him that he could change his plea after the trial court corrected its admonishment.

As discussed above, misinformation about probation, a matter about which a defendant is not constitutionally or statutorily entitled to be informed, may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation. *Harrison*, 688 S.W.2d at 499-500. We must first determine whether counsel in fact erroneously advised or failed to advise Gutierrez. *See Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.]1996, pet. ref'd). Gutierrez does not specifically explain what erroneous advice about probation eligibility his counsel gave him, but even if he had, "a defendant's claim [that] he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary." *Id.* The record before us contains no evidence that Gutierrez's counsel provided him with erroneous advice or failed to advise him either before or after the hearing. There is no testimony from either Gutierrez or his trial counsel about what advice counsel gave Gutierrez.

In addition, there are no documents in the record that reveal the conveyance of misinformation from counsel to Gutierrez, nor is there a record of any erroneous advice being given by counsel to Gutierrez. *See id.*; *see also, e.g.*, *Ex parte Battle*, 817 S.W.2d 81, 83-84 (Tex. Crim. App. 1991) (holding counsel's performance ineffective based on counsel's affidavit

13

admitting that defendant was seeking probation and he misinformed defendant that he was eligible for probation). The only document that Gutierrez asserts supports his claim is the Plea and Admonishments form with the guilty plea paragraph that he initialed. We earlier concluded that the guilty plea paragraph, which contains boilerplate information about several topics not relevant to his offense or plea, does not constitute a "specific request" for probation, and nothing in the Plea and Admonishments form provides a record of advice that Gutierrez's counsel would have necessarily given him about probation. Thus, the record contains no support for Gutierrez's claim that his counsel erroneously advised or failed to advise him about the probation-related consequences of his plea.

Even if there were some evidence that Gutierrez's counsel's conduct was outside the range of competence demanded of attorneys in criminal cases, Gutierrez would still have to show "a reasonable probability" that he would not have pled guilty and insisted on going to trial, but for his counsel's conduct. In his brief, Gutierrez merely asserts that but for the erroneous belief that he was eligible for probation, "he *may* have pleaded differently or reached a plea agreement with the State." (Emphasis added.) While Gutierrez was incorrectly admonished about the availability of probation, he also testified that no promises had been made to him in exchange for his plea and that he understood that the court could sentence him to probation or to anywhere between 5 years and 99 years in prison because there was no plea bargain with the State. His plea offer to the State was 25 years. He did not make any objection on the record after the trial court corrected its statement about probation and referred to the fact that he was not eligible for probation two additional times during the short plea hearing. As discussed earlier, nothing in the record indicates that Gutierrez

14

pled guilty in anticipation that he would receive probation. And he has pointed to nothing in the record indicating that he would have insisted on going to trial if he had been informed before his plea that probation was not an option. Gutierrez has not satisfied either prong of the ineffective-assistance test. Accordingly, we overrule Gutierrez's second issue.

## CONCLUSION

Having determined that the trial court owed no duty to Gutierrez to advise him correctly about his probation eligibility and that he has not established that his counsel's performance was deficient or that there is a reasonable probability that he would have gone to trial but for his counsel's erroneous advice, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed:   August 30, 2013

Do Not Publish

15