**Opinion issued April 24, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00186-CR

———————————

### NIGEL MOHAMMED HAMPTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1354259**

---

## O P I N I O N

Nigel Mohammad Hampton was charged with the felony offense of aggravated robbery with a deadly weapon.[1] After waiving his right to a jury trial, Hampton pleaded guilty to the charge without an agreed punishment

---

[1]    TEX. PENAL CODE ANN. § 29.03 (West 2013).

recommendation from the State. Following a presentence investigation hearing, Hampton was sentenced to 25 years' confinement. In his sole issue, Hampton contends the trial court erred by improperly admonishing him as to the availability of probation, rendering his guilty plea involuntary. We affirm.

## Background

Hampton was arrested for robbing a Walgreens store. He pleaded guilty to aggravated robbery with a deadly weapon. In connection with his guilty plea, Hampton confirmed to the trial court in the plea colloquy that he was guilty, no one had made any promises to him or threatened him to influence his decision to plead guilty, he understood that by pleading guilty he gave up his rights to a jury trial and to appeal his conviction, and he understood that punishment could be "anywhere from deferred adjudication and life in prison."

In addition to the statements made orally to the judge, Hampton also signed the trial court's written admonishments before entering his plea. The written admonishments included the following:

- The punishment range is confinement in prison for 5 years to life and a fine of up to $10,000.

- The only type of community supervision that the court can give you is deferred adjudication. Shock probation and regular community supervision are not available.

By signing the written admonishments, Hampton confirmed each of the following written statements as well:

2

- I am mentally competent. I understand the charge(s) against me, and I understand the nature of these proceedings. I am freely and voluntarily pleading guilty.

- I have read, and I understand the admonishments set out above. I understand my plea's consequences.

- I have consulted my attorney and freely and voluntarily executed this document in open court.

Hampton's attorney also signed the written admonishments. The guilty plea did not include a sentencing recommendation from the State. Hampton filed a motion seeking community supervision. The sentencing hearing was set for two months later.

At the sentencing hearing, the trial court heard evidence of two prior felony offenses: a theft for which Hampton was given two-years' probation, and a burglary of a building for which he was sentenced to one year in state jail. The trial court also received testimony from police officers about two incidents that had occurred during the two-month period between Hampton's guilty plea and the sentencing hearing. Specifically, the officers testified that Hampton was detained while riding as a passenger in a stolen vehicle and, separately, that he was detained in connection with a burglary of a habitation after a police officer saw him fleeing the residential area. The trial court found Hampton guilty of aggravated robbery and sentenced him to 25 years' confinement.

The trial court granted Hampton permission to appeal, and he timely filed.

**Deferred Adjudication Admonishment**

In his sole issue on appeal, Hampton argues that the trial court erred by admonishing him on deferred adjudication without "inquir[ing] with Hampton further about his understanding of the availability of probation," given the circumstances of his crime and his past criminal record. He claims that the incomplete admonishment rendered his guilty plea involuntary.

## A.    Standard of review

A defendant's decision to enter a guilty plea and forgo a jury trial is afforded constitutional protections, including a requirement that the plea result from a voluntary and knowing relinquishment of a known right. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171 (1969); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). To be voluntary, a guilty plea must not be induced by threats, misrepresentations, or improper promises. *Kniatt*, 206 S.W.3d at 664. The plea must be the expression of the defendant's own free will. *See id.*

Article 26.13 of the Texas Code of Criminal Procedure specifies the admonishments that a trial court must provide before accepting a guilty plea. TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2013); *Harrison v. State*, 688 S.W.2d 497, 499 (Tex. Crim. App. 1985). Substantial compliance with the statute is sufficient to constitute an adequate admonishment by the trial court. TEX. CODE

CRIM. PROC. ANN. art. 26.13(c); *Robinson v. State*, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987) (en banc).

When the record reveals that admonishments were given, it constitutes a prima facie showing that the defendant knowingly and voluntarily pleaded guilty. TEX. CODE CRIM. PROC. ANN. art. 26.13; *Harrison*, 688 S.W.2d at 499. A defendant who attests that he understands the nature of his plea and that his plea was voluntary carries a "heavy burden" on appeal to show that his plea was involuntary. *See Edwards v. State,* 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.). To meet that burden, the defendant must affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed by the trial court's erroneous admonishment. TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Richard v. State*, 788 S.W.2d 917, 919–20 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (explaining burden shift).

An erroneous plea admonition is a non-constitutional error requiring reversal only if the failure affected the defendant's substantial rights. *See Burnett v. State*, 88 S.W.3d 633, 637–38 (Tex. Crim. App. 2002) (explaining substantial-rights standard in voluntariness-of-plea case); *Aguirre-Mata v. State*, 992 S.W.2d 495, 498–99 (Tex. Crim. App. 1999) (holding that failure to admonish is not constitutionally-based error and, instead, should be reviewed for harm under substantial-rights standard). The reviewing court must examine the entire record to

determine whether, on its face, it suggests that the defendant did not know the consequences of his plea. *Burnett*, 88 S.W.3d at 638. A record that is silent on the issue of the range of punishment—information that must be included in the trial court's admonishment before accepting a guilty plea—would reasonably support an inference that the defendant did not know the consequences of his plea. *Id.*

Harm can be established if the record supports a conclusion that the defendant would not have pleaded guilty had he known the actual range of punishment. *See, e.g., In re T.W.C.*, 258 S.W.3d 218, 222–23 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (concluding plea was involuntary because defendant was given incorrect punishment range of up to 40 years when applicable maximum sentence was 20 years and defendant later testified that he pleaded guilty based on incorrectly stated range).

Thus, the first step in our analysis is to determine whether the trial court substantially complied with the statutory admonishments required under article 26.13. TEX. CODE CRIM. PROC. ANN. art. 26.13. Only if the trial court did not, would we consider whether Hampton has established that he entered his plea without understanding the consequences or that he was harmed as a result.

B.    **Admonishments were accurate**

Trial courts are required to admonish defendants as to the applicable range of punishment for every offense charged before accepting guilty pleas. TEX. CODE

6

CRIM. PROC. ANN. art. 26.13(a)(1); *see also Tabora v. State*, 14 S.W.3d 332, 334 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("[P]rior to accepting a plea of guilty or no contest, the trial court shall admonish the defendant as to the range of punishment . . . ."). Admonishing on the "range of punishment" for purposes of article 26.13 does not include a requirement that the trial court discuss the possibility of probation; there is no duty to admonish a defendant as to his eligibility for probation. *See Harrison*, 688 S.W.2d at 499. However, if the trial court volunteers an admonishment on probation, the court has a duty to admonish the defendant accurately. *See Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986).

Here, the trial court provided an admonishment concerning deferred adjudication when it orally informed Hampton that the range of punishment was "anywhere from deferred adjudication [to] life in prison." The court further admonished him, in writing, that the punishment range was confinement between five years and life but that "the court can give you . . . deferred adjudication."

Hampton concedes that "[t]he Judge did not provide inaccurate information." The punishment range for aggravated robbery is 5 years to life, and a defendant convicted of that offense is eligible for deferred adjudication. *See* TEX. PENAL CODE ANN. § 29.03 (aggravated robbery is a first-degree felony); TEX. PENAL CODE ANN. § 12.32 (West 2013) (first-degree felony punishable by

7

imprisonment for a term of life or not less than 5 years); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12(3g)(1)(F) (West Supp. 2013) (aggravated robbery not eligible for traditional community supervision); TEX. CODE CRIM. PROC. ANN. art. 42.12(5) (West 2014) (explaining deferred adjudication form of community supervision). Further, a trial court may grant a defendant deferred adjudication even if the defendant has prior convictions and the trial court finds related enhancement paragraphs to be true. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12(5)(d) (listing offenses and circumstances that bar grant of deferred adjudication but not including repeat or habitual felony offenders as basis for bar). Thus, the trial court properly admonished Hampton by stating that the range of punishment began with deferred adjudication—for which he was eligible—and ended with life imprisonment.

While admitting that the admonishment given was accurate, Hampton argues that the trial court's deferred-adjudication admonishment created an additional duty on the court to provide more complete information on the possibility of receiving deferred adjudication. Specifically, he complains that the trial judge erred by "fail[ing] to inquire with Hampton further about his understanding of the availability of probation for him, given the nature of the charge and his prior felony convictions." He suggests that deferred adjudication for a charge of aggravated robbery, particularly with a history of two prior felony convictions, was unlikely.

8

We construe Hampton's contention as alleging that the trial court erred by not explaining to him that it was unlikely he would be granted deferred adjudication. This argument fails for at least two reasons.

First, Hampton agreed to enter a guilty plea without an agreed recommendation from the State on punishment. Thus, he cannot convincingly contend that his decision to plead guilty was somehow tied to an agreement that he would be granted deferred adjudication. *See Joyner v. State*, 882 S.W.2d 59, 61 (Tex. App.—Houston [14th Dist.] 1994), *aff'd*, 921 S.W.2d 234 (Tex. Crim. App. 1996) (holding that "there seems to be little connection between an initial guilty plea and a later decision by the judge [on] deferred adjudication" after noting that article 42.12(5)(a) provides that judge determines whether to defer proceedings only *after* receiving guilty plea).

Second, Hampton does not identify any authority imposing a duty on the trial court to inform a defendant of the likelihood he will actually receive community supervision before the judge receives the presentence investigation report. *See West v. State*, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986) (stating that "plea is not involuntary just because the sentence exceeded what appellant expected . . . ."); *Hinkle v. State*, 934 S.W.2d 146, 149 (Tex. App.—San Antonio 1996, pet. ref'd) (determining that appellant cannot claim plea was involuntary just because he received jail time instead of probation). Moreover, the trial court did

not make any statements indicating it was likely that Hampton would actually receive deferred adjudication. *Malley v. State*, 9 S.W.3d 925, 929 (Tex. App.—Beaumont 2000, pet. ref'd), *abrogated by Pfeiffer v. State*, 363 S.W.3d 594, 603 (Tex. Crim. App. 2012) (concerning cross-appeals by State); *see also Myers v. State*, No. C14-87-00930-CR, 1988 WL 114066, at *1 (Tex. App.—Houston [14th Dist.] Oct. 27, 1988, writ ref'd) (not designated for publication) (holding that statement by trial counsel that defendant was eligible for deferred adjudication that was not followed up by admonition on likelihood of deferred adjudication was not error and stating, "Appellant may have expected deferred adjudication in the instant case, but it was not an expectation encouraged by the court, which fully admonished appellant as to the range of punishment.").

Hampton relies on *Ex parte Williams* to support his contentions. 704 S.W.2d at 773. That case, however, is distinguishable. In *Williams*, the defendant pleaded guilty to aggravated robbery after the trial court promised that, upon the acceptance of his guilty plea, the court would "give [him] a sentence of ten years in the Texas Department of Corrections probated for a period of ten years." *Id.* at 774–75. Three years after accepting the guilty plea, the trial court discovered that probation was not within the punishment range for aggravated robbery. *Id.* at 775; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12(3g)(a)(F) (excluding aggravated robbery from offenses eligible for traditional community supervision). Therefore, the trial court

10

revoked Williams's probation and reassessed punishment at ten years' confinement. *Williams*, 704 S.W.2d at 775. The Court of Criminal Appeals held that Williams did not knowingly and voluntarily plead guilty. *Id.* at 773. While the trial court "did not initially have a duty under Art. 26.13(a)(1) to admonish the defendant[] on the availability of probation," the trial court volunteered admonishments concerning probation and, as a result, imposed upon itself a duty to provide "accurate information concerning whether probation was within the range of punishment allowed by law for aggravated robbery." *Id.* at 776–77. Thus, the trial court erred by inaccurately stating that probation was an available option, thereby "leaving applicant unaware of the consequences of his plea." *Id.* at 777.

In contrast, the trial court provided Hampton with accurate information regarding the applicable range of punishment when it stated that his punishment could be anywhere between "deferred adjudication and life in prison." Hampton has agreed that the statement was accurate. Further, the written admonishments clearly and correctly limited the type of probation available to "deferred adjudication," specifically excluding regular community supervision from the punishment range. Hampton's guilty plea was not rendered involuntary because the actual sentence imposed exceeded his expectation of receiving deferred adjudication. *See West*, 702 S.W.2d at 633.

The trial court substantially complied with the statutory admonishments required when accepting a guilty plea; therefore, we conclude that Hampton's plea was voluntary.

## Conclusion

We overrule Hampton's sole issue and affirm the trial court's judgment.


Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Publish. TEX. R. APP. P. 47.2(b).