

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00058-CR

STEVEN DEWAYNE PRUITT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1323371

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Steven Dewayne Pruitt pled guilty and was placed on ten years' deferred adjudication community supervision for burglary of a habitation while exhibiting a deadly weapon. Pruitt filed this appeal alleging that his guilty plea was not voluntary. We affirm the trial court's judgment.

## A.    Facts

In this case and two companion cases,[1] Pruitt was charged with one count of burglary of a habitation and two counts of delivery of marihuana. On February 3, 2014, Pruitt waived his right to a jury in all three cases and entered pleas of "guilty" to the two counts of delivery of marihuana. Pruitt then pled "not guilty" to the burglary charge in this case and proceeded to a non-jury trial to the bench. The trial court found that Pruitt had entered into his guilty pleas freely, voluntarily, knowingly, and competently and ordered that a presentence investigation (PSI) report be prepared. The trial court then set the two delivery matters for sentencing and set the burglary case for trial on February 12, 2014.

Before the February 12 trial began, the trial court told Pruitt that he was charged with burglary of a habitation with intent to commit aggravated assault with a deadly weapon, which is a first degree felony. After a long discussion at the bench, the trial court corrected itself and clarified for Pruitt that the charge was actually burglary of a habitation with a deadly-weapon finding, which is a second degree felony. The court then incorrectly advised Pruitt that he was

---

[1]Pruitt appeals his conviction for delivery of marihuana in an amount between one-fourth ounce and five pounds and resulting two-year sentence in our cause number 06-14-00051-CR. In our cause number 06-14-00059-CR, Pruitt appeals from a conviction of delivery of marihuana in an amount between one-fourth ounce and five pounds in a drug-free zone.

eligible for deferred adjudication despite the fact that he had pled not guilty to the offense. In fact, deferred adjudication was only available if Pruitt pled guilty or nolo contendere.[2] After hearing the evidence presented at trial, the court found Pruitt guilty of burglary of a habitation and two counts of delivery of marihuana and set a single hearing date—February 26, 2014—for sentencing in all three cases.

During the February 26 sentencing hearing, the trial court received the PSI report and realized that Pruitt was actually not eligible for deferred adjudication in this case due to his plea of not guilty. As a result, the trial court explained the situation to Pruitt and took corrective action. First, the trial court withdrew its finding of guilt entered on February 12, 2014. Second, the trial court allowed Pruitt to withdraw his not guilty plea and plead guilty to the charges, thereby making him eligible for deferred adjudication as was represented to him before trial began. At the conclusion of the sentencing hearing, the court deferred adjudication and placed Pruitt on community supervision for ten years in this case. In his sole point of error, Pruitt argues that his plea of guilty in this case was involuntary because the trial court incorrectly admonished him regarding the punishment range and his eligibility for deferred adjudication.

B.     **Analysis**

1.       **Standard of Review**

A trial court is required to admonish a defendant as to the applicable range of punishment for the offense(s) charged before accepting a guilty plea. TEX. CODE CRIM. PROC. ANN. art.

---

[2]*See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2014) ("the judge may, . . . after receiving a plea of guilty or plea of nolo contendere . . . defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.").

26.13(a)(1) (West Supp. 2014). Article 26.13 does not require that the trial court admonish a defendant regarding his eligibility for community supervision as part of the range of punishment admonishment. *Hampton v. State,* 435 S.W.3d 303, 307 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). "However, if the trial court volunteers an admonishment on [community supervision], the court has a duty to admonish the defendant accurately." *Id.*; *see Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986). When an admonishment error is claimed under Article 26.13(a), the claim is not constitutional, because those admonishments are not constitutionally required. The purpose of Article 26.13(a) admonishments is to assist the trial court in ensuring that the guilty plea is knowingly and voluntarily entered. Thus, the claimed error is subject to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *Aguirre-Mata v. State*, 992 S.W.2d 495 (Tex. Crim. App. 1999).

## 2. Admonishment Regarding Sentencing Range

The trial court's incorrect sentencing range admonishment did not occur in connection with Pruitt's subsequent guilty plea. Rather, the incorrect statements were made before Pruitt pled not guilty to the charge and proceeded to trial on guilt/innocence. Moreover, the court corrected the erroneous information before the bench trial began. At the subsequent sentencing hearing, when the trial judge withdrew the finding of guilt and allowed Pruitt to enter a guilty plea, the trial court correctly admonished Pruitt regarding the applicable range of punishment. Thus, Pruitt was correctly admonished regarding the applicable range of punishment in this case at the time that he entered his plea of guilty. Although there was initially some confusion about the range of punishment in this case, the trial court ultimately provided Pruitt the correct information along

4

with an explanation both before the original bench trial on February 12 and before Pruitt pled guilty on February 26. Under these circumstances, we do not believe that the early error constituted harm "affecting substantial rights" as is necessary to justify reversal under Rule 44.2(b).

### 3. Admonishment Regarding Deferred Adjudication Eligibility

The trial court incorrectly informed Pruitt that he was eligible for deferred adjudication even though he pled not guilty and proceeded to trial. However, the trial court realized its mistake and corrected the error by withdrawing its verdict and allowing Pruitt to plead guilty, thereby rendering him eligible for deferred adjudication. Moreover, the trial court actually deferred adjudication in the matter. Under these circumstances, the trial court successfully corrected its error so that it did not result in harm to Pruitt.

### 4. No Cumulative Error

Finally, Pruitt argues that the trial court's error in this case tainted his guilty pleas in the two delivery of a controlled substance companion cases because the sentences for all three cases were decided together by the trial court. He argues that his guilty pleas in the other two cases were necessarily involuntary as a result of the erroneous information provided by the trial court regarding the burglary case. Although the cases were all handled together in a single set of proceedings, the erroneous range of punishment and deferred adjudication admonishments, which were subsequently corrected, had no substantial impact on Pruitt's decision to plead guilty to the two delivery charges. We overrule this point of error.

5

We affirm the judgment of the trial court.



Ralph Burgess
Justice

Date Submitted:     February 25, 2015
Date Decided:        April 8, 2015

Do Not Publish