

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00026-CR

_____

ROGER DALE GAMMONS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1423872

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Roger Dale Gammons pled guilty, in Hopkins County, to two counts of possession of more than four grams but less than 200 grams of a controlled substance and one count of tampering with physical evidence. Gammons also pled "true" to two prior felony enhancements alleged by the State, one each in Kaufman and Van Zandt Counties. Treated as a habitual felon,[1] Gammons was sentenced to life in prison for each of the three charges, with the sentences to run concurrently.

Here, Gammons appeals from his conviction on the first count of possession of more than four grams but less than 200 grams of a controlled substance.[2] He contends that an incomplete admonishment regarding his eligibility for community supervision rendered his guilty plea involuntary, that the trial judge should have recused because the court had personal knowledge of disputed facts relating to the enhancement paragraph(s), and that the trial court should have recused because the judge previously served as Gammons' counsel in related criminal proceedings.

We affirm the trial court's judgment because (1) Gammons has not demonstrated that his plea of guilt was involuntary, (2) no error was preserved regarding any knowledge of the trial judge regarding any enhancement allegation, and (3) the trial judge did not serve as Gammons' counsel regarding either offense used for enhancement in this case.

---

[1]*See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

[2]In companion cases also decided this date, bearing our cause numbers 06-15-00027-CR and 06-15-00028-CR, we affirm the trial court's judgments as to the other two convictions.

*(1)     Gammons Has Not Demonstrated that His Plea of Guilt Was Involuntary*

Gammons contends that his plea of guilty was not voluntary because the trial court's admonishments regarding his eligibility for community supervision were inaccurate. We disagree.

In determining the voluntariness of a plea, we consider the totality of the circumstances, viewed in light of the entire record. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); *Ybarra v. State*, 93 S.W.3d 922, 925 (Tex. App.—Corpus Christi 2002, no pet.); *Lopez v. State*, 25 S.W.3d 926, 928 (Tex. App.—Houston [1st Dist.] 2000, no pet.). "Prior to accepting a plea of guilty . . . , the court shall admonish the defendant of . . . the range of punishment attached to the offense . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2014). "In admonishing the defendant . . . , substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (West Supp. 2014); *see VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007); *Seagraves v. State*, 342 S.W.3d 176, 183 (Tex. App.—Texarkana 2011, no pet.). The court may make the admonitions either orally or in writing. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (West Supp. 2014). If the court gives written admonitions, the court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id*.

There is a presumption of regularity of the judgment and the proceedings. *Lopez*, 25 S.W.3d at 928. Thus, if the record reflects that Smith was properly admonished, it presents a prima facie showing that the guilty plea was made knowingly and voluntarily, shifting the burden to the

3

defendant to demonstrate that his or her plea was involuntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). "Once a defendant has pled guilty and attested to the voluntary nature of his plea, he bears a heavy burden at a subsequent hearing to demonstrate a lack of voluntariness." *Ybarra*, 93 S.W.3d at 925.

Article 26.13 does not require that the trial court admonish the defendant regarding his or her eligibility for community supervision.[3] *See Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986); *Hampton v. State*, 435 S.W.3d 303, 307 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). "However, if the trial court volunteers an admonishment on [community supervision], the court has a duty to admonish the defendant accurately." *Hampton*, 435 S.W.3d at 307; *see Williams*, 704 S.W.2d at 775. This is because a guilty plea is involuntarily induced if it is shown that: (1) the trial court volunteered an admonishment that included information on the availability of community supervision, thereby creating an affirmative duty to provide accurate information on the availability of community supervision; (2) the trial court provided inaccurate information on the availability of community supervision, thereby leaving the defendant unaware of the consequences of the guilty plea; and (3) the defendant made an objective showing of being misled

---

[3]Article 42.12, Section 2(2) provides:

"Community supervision" means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which:

(A)    criminal proceedings are deferred without an adjudication of guilt; or

(B)    a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (West Supp. 2014).

4

or harmed by the inaccurate admonishment. *Williams*, 704 S.W.2d at 776–77; *Tabora v. State*, 14 S.W.3d 332, 334 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

When an admonishment error is claimed under Article 26.13(a), the claim is not constitutional, because those admonishments are not constitutionally required. The purpose of Article 26.13(a) admonishments is to assist the trial court in ensuring that the guilty plea is knowingly and voluntarily entered. Thus, the claimed error is subject to a harm analysis. TEX. R. APP. P. 44.2(b); *Aguirre-Mata v. State*, 992 S.W.2d 495 (Tex. Crim. App. 1999).

Here, before accepting Gammons' respective pleas of "guilty" and "true," the trial court admonished Gammons as follows:

> THE COURT: In our practice around here, these are what are commonly referred to as open pleas; that is, that you would be acknowledging, both verbally in front of the Court today and in writing, that you understand what your rights are and that you would be giving up certain rights and entering a plea of guilty to the indictments without the benefit of a plea of -- without a plea-bargained agreement, meaning that if I follow all of this, I would -- well, any number of things.
>
> I could find that the evidence submitted is sufficient to find you guilty, and almost assuredly would at least do that, because if you plead guilty in anticipation of what we believe and these paperwork -- these documents contain what are called judicial confessions, that's sufficient for me to find you guilty.
>
> I could find that it's in the best interest of society and you and defer further proceedings without actually finding you guilty and place you on community supervision. We commonly call that a deferred adjudication probation. I could find you guilty, sentence you to some period of imprisonment of 10 years or less but then suspend the imposition of that sentence and place you on probation. The rules of probation would be the same as they are for deferred.
>
> Or I could find you guilty and sentence you to some term of imprisonment for 25 to life, if I follow all that they do here, meaning when I said 10 or less, that would be assuming that I did not go forward with the enhanced punishment range that the State seeks.

5

You have been indicted for possession -- possession with intent to deliver 4 grams or more but less than 200. That is the same as delivery, and it is a first-degree felony. I want to make sure everybody is listening and I'm getting this right. […]

Possession -- possession with intent to deliver methamphetamine, 4 grams or more but less than 200, possession of that is a second-degree felony. Possession with intent to deliver is a first-degree felony. I'm going to get into some enhancement paragraphs here in just a moment. That's the first numbered paragraph ending in 872.

The case ending in 873 is a tampering with physical evidence case. That by itself is a third-degree felony unenhanced. And then the case number ending in 874, which there's some discussion here, it, too, is a possession with intent to deliver methamphetamine, 4 grams or more but less than 200 grams, alleged to have occurred on or about the same date as the one two indictments before it.

But both of those unenhanced would be first-degree felonies.

. . . .

The State had -- has long since, as I think in previous pretrials, I've been made aware, indicated verbally to [Defense Counsel] that the State would be intending to seek a -- an enhancement of the applicable punishment ranges to that of what we refer to as the habitual -- Penal Code does, too -- habitual-felon statute, meaning that if they can prove, in addition to the alleged offenses, that before the commission of those offenses you had been twice convicted of non-state-jail-felony offenses, that they were done consecutive to one another; that is, this scenario. You get convicted, you go to the penitentiary; you get out, commit a new offense, get convicted, go to the penitentiary. They can't be the same pen trip. Two separate pen trips, and they do have to result in pen trips, not successfully completed probated sentences.

If the State can prove all that, then it would, in fact, enhance the punishment range to 25 to life. If the State could prove only one of those convictions and pen trip, it would bump it up. The first-degrees would be bumped up where the minimum term of confinement would go to 15 instead of 5, and -- and then the third-degree would become a second-degree.

You understand all that, right, Mr. Gammons?

[Defendant]: Yes.

6

THE COURT: I thought you did.

After the court explained to Gammons the charges he faced and the available punishment ranges, Gammons entered a plea of guilty to each of the three individual charges as well as a plea of true to the enhancements alleged by the State. The trial court then reiterated its warnings regarding the consequences of pleading true to the enhancements:

> THE COURT: Okay. You're -- so essentially you're pleading true to those two enhancement paragraphs which would apply in each of the three cases, correct, understanding, of course, that if the Court finds that true and then finds you guilty, that would subject you to a punishment range of no less than 25 years nor more than 99 years or a term of life in the penitentiary. You understand that?
>
> [Defendant]: Yes, sir.

Based on Gammons' pleas and the signed plea documents, including a judicial confession, the trial court found that "the evidence submitted today is sufficient for me to find you guilty in each case and enhance you accordingly in each case."

Here, Gammons cannot demonstrate that his plea was involuntary. Under Article 26.13, the trial court admonished Gammons that he could be sentenced to ten years or less and receive community supervision or deferred adjudication. Written admonishments further describing the specific ranges of punishment were signed by Gammons. We find this sufficient to present a prima facie showing that the guilty plea was made knowingly and voluntarily in accordance with Article 26.13. *Martinez*, 981 S.W.2d at 197.

Gammons now bears the burden of lack of voluntariness. He seeks to fulfill his burden by complaining that he relied on community supervision being an available remedy when he "rejected a plea bargain offer of twenty-five years confinement" in order to attempt to pursue a sentence of

7

community supervision where he "failed to recognize the distinction between" the available remedy of deferred adjudication community supervision and the unavailable remedy of "straight probation."

While the trial court volunteered an admonishment regarding community supervision, Gammons must show that the court's information on the availability of community supervision was inaccurate. *See Williams*, 704 S.W.2d at 776. The trial court informed Gammons that it could place him on deferred adjudication community supervision and "defer further proceedings without actually finding [him] guilty," or possibly sentence him to "10 years or less but then suspend the imposition of that sentence and place [him] on [community supervision] . . . assuming that [the court] did not go forward with the enhanced punishment range that the State seeks." Before Gammons entered his pleas, the court warned him that, if the State proved the two enhancements, it would "enhance the punishment range to 25 to life." Gammons said he understood and pled guilty to the charges and true to the enhancements. The court again warned him that, if it found him guilty, his pleas of true "would subject [him] to a punishment range of no less than 25 years." Given these facts, the court's admonishments adequately explained the difference between deferred adjudication community supervision and regular community supervision and made clear that receiving community supervision was conditioned on the court's findings regarding the enhancement allegations. Further, despite pleading true to the enhancement allegations, Gammons was still eligible for deferred adjudication community supervision, and, on appeal, Gammons twice argues that he rejected a plea bargain offer "in order to attempt to obtain deferred [community supervision]."

After reviewing the totality of the circumstances in this case, we conclude that Gammons has failed to show that his pleas were involuntary or unknowing. Therefore, we overrule this point of error.

*(2)* *No Error Was Preserved Regarding any Knowledge of the Trial Judge Regarding any Enhancement Allegation*

Gammons also argues that the trial judge should have recused himself because he had personal knowledge of disputed facts relating to the enhancement allegations in this case.

Under Rule 18b(b) of the Texas Rules of Civil Procedure,

A trial judge must recuse in any proceeding in which:

. . . .

(3) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding;

. . . .

(5) the judge participated as counsel, adviser, or material witness in the matter in controversy, or expressed an opinion concerning the merits of it, while acting as an attorney in government service;

After the plea hearing, but before the adjudication of guilt and sentencing, the trial judge, the Honorable Eddie Northcutt, discovered that he had previously represented Gammons in a criminal matter in Rains County, Texas, and he dutifully informed the parties. The judge stated that, while Gammons' Rains County case was pending, he was incarcerated due to charges in "Van Zandt or Kaufman, but it was one of the two counties." In the Rains County matter, Gammons "pled guilty to the offense in exchange for a five-year sentence which ran concurrently with

9

whatever [sentence] [he] had." The judge asked if either the State or Gammons had an objection to him hearing the case, and both replied, "No objection."

Gammons contends that the trial judge should have recused under Rule 18b(b)(3) and (5) because the judge had direct, personal knowledge that Gammons had served at least one sentence in the penitentiary and that at least one of the alleged enhancement paragraphs was true. "The parties to a proceeding may waive any ground for recusal after it is fully disclosed on the record." TEX. R. CIV. P. 18b(e). Here, Judge Northcutt fully disclosed the circumstances of his prior representation of Gammons, and Gammons stated that he had no objection to the judge continuing to preside over his case. By failing to file a motion to recuse and stating that he had no objection, Gammons waived this issue. *See* TEX. R. CIV. P. 18b(e).

*(3)     The Trial Judge Did Not Serve as Gammons' Counsel Regarding Either Offense Used for Enhancement in this Case*

Gammons further contends that the trial judge was disqualified from presiding over his case.[4] *See* TEX. CONST. art. V, § 11. Specifically, Gammons claims that Judge Northcutt served as his counsel in the Rains County case, a related criminal proceeding relevant to the case for which he appeared before the court, and therefore, the judge was disqualified and his conviction and sentence should be reversed and remanded.[5]

---

[4]Disqualification under Article V, Section 11 of the Texas Constitution may be raised at any time. *Johnson v. State*, 869 S.W.2d 347, 348–49 (Tex. Crim. App. 1994). Although the Court of Criminal Appeals has questioned whether a preservation requirement should be imposed, it has not yet overruled the "line of cases holding that a judge's disqualification may be raised for the first time on appeal." *Lackey v. State*, 364 S.W.3d 837, 842–43 n.19 (Tex. Crim. App. 2012).

[5]A disqualified judge may perform a ministerial act, but "is prohibited from performing any and all acts that call for the exercise of judicial discretion." *Koll v. State*, 157 S.W.2d 377, 379 (Tex. 1941) (concluding disqualified judge's order transferring venue was void). Thus any discretionary orders or judgments by a disqualified judge are void. *See Whitehead v. State*, 273 S.W.3d 285, 289 (Tex. Crim. App. 2008) (if trial judge disqualified under Article 30.01 of

10

"Since Texas became a state in 1845, judicial disqualification has always been a matter of constitutional dimension." *Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 551 (Tex. 2006).

> No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case.

TEX. CONST. art. V, § 11.

> No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree, as determined under Chapter 573, Government Code.

TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006).[6]

There is no contention in the brief that the trial judge was interested in the outcome or related to the parties in this case. Gammons confusingly argues that Judge Northcutt participated in a portion of the matter in controversy because the five-year sentence Gammons served for the Rains County conviction "was one of the alleged enhancement paragraphs in the instant case." While the Rains County five-year sentence was served concurrently with the sentence Gammons

---

Texas Code of Criminal Procedure, conviction is nullity). Therefore, if Judge Northcutt was disqualified from Gammons' case, the acceptance of Gammons' pleas, the adjudication of his guilt, and the court's sentence would be void, and this case would be remanded for new proceedings.

[6]Rule 18b(a) of the Texas Rules of Civil Procedure and Article 30.01 of the Texas Code of Criminal Procedure clarify when a judge is disqualified, but these statutes "expound rather than expand the Constitution." *Tesco Am., Inc.*, 221 S.W.3d at 553. Therefore, regardless of whether disqualification is discussed in terms of Rule 18b(a) or Article 30.01, disqualification is a constitutional issue in this case. *See id.*; *see also Kilgarlin & Bruch, Disqualification and Recusal of Judges*, 17 ST. MARY'S L.J. 599, 602 (1986) (discussing "constitutional statutory provisions" that embody Article V, Section 11 of Texas Constitution).

was serving at the time, the State's enhancement allegations involved convictions in only Kaufman and Van Zandt Counties.

"It has been held . . . that to come within the meaning of 'counsel in the case' in the statute prescribing qualifications of judges, it must appear that the judge acted as counsel [i]n the very case before him." *Hathorne v. State*, 459 S.W.2d 826, 829 (Tex. Crim. App. 1970); *see Madden v. State*, 911 S.W.2d 236, 240 (Tex. App.—Waco 1995, pet. ref'd) (citing *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987)). "A judge is not disqualified simply because he has prosecuted or defended the accused in past cases." *Kuykendall v. State*, 335 S.W.3d 429, 432 (Tex. App.—Beaumont 2011, pet. ref'd). In support of this determination, the *Kuykendall* court relied on *Hathorne*, in which the Texas Court of Criminal Appeals wrote:

> If the State or defense offers prior convictions as part of that "record" where the trial judge served as prosecutor or defense counsel, does this result in an automatic disqualification of the judge and cause a mistrial? Certainly not, even though evidence of such conviction may, in the discretion of the judge or jury, result in an increased or enhanced penalty.

*Hathorne*, 459 S.W.2d at 830. Gammons contends that *Hathorne* should be applied differently depending on whether the presiding judge represented the defendant as counsel for the State or the defense. However, *Hathorne*'s holding states,

> We hold that the mere inclusion in the indictment or information of allegations as to prior convictions (for the enhancement of punishment only) does not disqualify the trial judge because he was of counsel in such prior conviction or convictions for either the State or the defense, not being within the purview of the statutory or constitutional prohibition of being "counsel in the case."
>
> . . . .
>
> To hold otherwise would mean that a judge is not disqualified in a case by the fact he previously prosecuted or defended an accused in another case, or that such prior

12

conviction was used for impeachment purposes or used as a part of the accused's "prior criminal record" but the mere allegation of such conviction for the purpose of enhancement only would work an automatic disqualification. Such would be an illogical result, particularly considering the nature and purpose of the allegation of the prior conviction, it not being a part of the substantive offense, and taking into account our present bifurcated trial system. To permit the disqualification to be too easy could cause the cost and the delay of the administration of criminal justice to go out of bounds.

*Id*. at 833.

Here, Judge Northcutt was not statutorily or constitutionally disqualified. His service as Gammons' counsel in the Rains County case did not come within the meaning of "counsel in the case" as used in the Texas Constitution, in Article 30.01 of the Texas Code of Criminal Procedure, or by Texas courts. We overrule this point of error.

We affirm the trial court's judgment.

                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:     July 8, 2015
Date Decided:       August 11, 2015

Do Not Publish

13