**Opinion issued June 20, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00448-CR

———————————

**ROLAND D. DEMPS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 396th District Court**
**Tarrant County, Texas[1]**
**Trial Court Case No. 1505983D**

---

1    Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal to this Court. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases).

## MEMORANDUM OPINION

Appellant, Roland D. Demps, pleaded guilty, without an agreed recommendation from the State regarding punishment, to the felony offense of driving while intoxicated ("DWI"), third or more offense.[2] The indictment contained an enhancement paragraph, alleging that appellant had been previously convicted of the felony offense of possession of a controlled substance, namely, methamphetamine, weighing at least 4 grams.[3] The trial court found appellant guilty of the primary offense and found the enhancement true. Following a presentence investigation, the trial court assessed appellant's punishment at confinement for five years. In his sole issue, appellant contends that the trial court erred by failing to admonish him as to the range of punishment applicable to his offense, which rendered his guilty plea involuntary.

We affirm.

### Background

Appellant was indicted for the offense of driving while intoxicated, third or more, enhanced by a prior felony conviction for possession of a controlled substance.

On March 13, 2018, in its "Written Plea Admonishments," the trial court stated as follows:

---

[2]    *See* TEX. PENAL CODE §§ 49.04, 49.09(b)(2).

[3]    *See* TEX. HEALTH & SAFETY CODE §§ 481.102(6), 481.115(d).

1.  You are charged with the felony offense of <u>DWI 3rd or More</u>.

. . . .

3.  If convicted of the above offense, you face the following range of punishment:

    . . . .

    **<u>THIRD DEGREE FELONY ENHANCED</u>:** Imprisonment for a term of not more than 20 years or less than 2 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed.

    . . . .

    **<u>OTHER</u>:** Plea true to enhancements

. . . .

7.  **<u>No Plea Agreement (Open Plea)</u>:** If you have plead guilty without [the] benefit of a plea agreement, the plea proceeding is your trial. Should the Court find you guilty, your punishment can be set anywhere within the range of punishment prescribed by law for the offense.

In the same document, immediately after the plea admonishments, the "Written Waivers of Defendant—Joined by Attorney," reflect that appellant, in open court and joined by his attorney, stated:

(A)  . . . . I fully understand each of the above written plea admonishments given by the Court and I have no questions. . . .

(B)  I give up and waive arraignment and formal reading of the indictment . . . . ;

(C)  I am aware of the consequences of my plea;

(D)  I am mentally competent and my plea is knowingly, freely, and voluntarily entered. No one has threatened, coerced, forced, persuaded or promised me anything in exchange for my plea;

. . . .

(P)  I give up and waive the attendance and record of a court reporter under Rule 13.1, Texas Rules of Appellate Procedure[.]

3

Appellant and his attorney each signed the plea admonishments and waivers. Appellant also signed a "Judicial Confession," in which he admitted his guilt in the primary offense, as alleged in the indictment, and that the "enhancement and habitual allegations set forth in the indictment are true and correct."

At the end of the document, along with the trial court's signature, appears the following: "The Court has given the Defendant the admonishments set out in paragraphs numbered 1 through 17, above. In addition, the Court finds that the defendant is mentally competent and that his plea is intelligently, freely and voluntarily entered. . . ."

At the sentencing hearing, on May 3, 2018, the trial court stated:

> Let the record reflect that on March 13th of this year [2018] the defendant came to court, pled guilty to the offense of driving while intoxicated-felony repetition. The Court accepted the defendant's plea and ordered that a Presentence Investigation Report be compiled by the Community Supervision and Corrections Department. The defendant also pled true to the Repeat Offender Notice in the indictment. . . .

The trial court found appellant guilty, noted that it had reviewed the presentence report, and sentenced appellant to confinement for five years.

### Plea Admonishments

In his sole issue, appellant argues that his plea was involuntary because the trial court failed to admonish him as to the range of punishment applicable to his offense.

4

*Standard of Review and Principles of Law*

A defendant's decision to forgo a jury trial and to enter a guilty plea is afforded constitutional protections, including a requirement that the plea result from a voluntary and knowing relinquishment of a known right. *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Hampton v. State*, 435 S.W.3d 303, 306 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Texas Code of Criminal Procedure article 26.13 specifies the admonishments that a trial court must make before accepting a guilty plea. TEX. CODE CRIM. PROC. art. 26.13; *Harrison v. State*, 688 S.W.2d 497, 499 (Tex. Crim. App. 1985). Included in those requirements is that the trial court admonish the defendant as to the range of punishment applicable to the offense charged. TEX. CODE CRIM. PROC. art. 26.13(a)(1). The trial court may make the admonitions either orally or in writing. *Id.* art. 26.13(d). If it does so in writing, it must receive a statement signed by the defendant and his attorney that the defendant understands the admonitions and is aware of the consequences of his plea. *Id.*

Substantial compliance with the statute is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *Id.* art. 26.13(c). A record reflecting that the statutory admonishments were given constitutes a prima facie showing that the defendant knowingly and voluntarily entered his plea.

5

*Harrison*, 688 S.W.2d at 499. A defendant who attests that he understands the nature of his plea and that his plea was voluntary carries a "heavy burden" on appeal to establish that his plea was involuntary. *Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

An erroneous plea admonition constitutes non-constitutional error, which requires reversal only if the failure affected the defendant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Burnett v. State*, 88 S.W.3d 633, 637–38 (Tex. Crim. App. 2002) (explaining substantial-rights standard in voluntariness-of-plea case). The reviewing court must examine the entire record to determine whether, on its face, it suggests that the defendant did not know the consequences of his plea. *Burnett*, 88 S.W.3d at 638. A record that is silent on the issue of the range of punishment would reasonably support an inference that the defendant did not know the consequences of his plea. *Id.* However, if a record shows that the trial court "delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained." *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Mitchell v. State*, No. 01-15-00249-CR, 2016 WL 888147, at *2 (Tex. App.—Houston [1st Dist.] Mar. 8, 2016, pet. ref'd) (mem. op., not designated for publication).

Texas Penal Code section 49.04 prohibits a person from operating a motor vehicle in a public place while in a state of intoxication. TEX. PENAL CODE

6

§ 49.04(a). Generally, an offense under this section is classified as a Class B misdemeanor. *Id.* § 49.04(b). However, if the State also proves that a defendant has been twice previously convicted of an offense related to operating a motor vehicle while intoxicated, an offense under section 49.04 is classified as a third-degree felony. *See id.* § 49.09(b)(2); *Gibson v. State*, 995 S.W.2d 693, 695–96 (Tex. Crim. App. 1999) (holding that "prior intoxication-related offenses are elements of the offense of driving while intoxicated," "define the offense as a felony," and are "admitted into evidence as part of the State's proof of its case-in-chief during the guilt-innocence stage of the trial"). The punishment range for a third-degree felony is confinement for a term of two to ten years and a fine of up to $10,000. TEX. PENAL CODE § 12.34.

In addition, the range of punishment may be enhanced by other prior felony convictions. *See id*. § 12.42(d); *Gibson*, 995 S.W.2d at 696. Such prior felony convictions are not admitted into evidence until the punishment stage of a trial, after the defendant has been convicted of the primary felony offense. *Gibson*, 995 S.W.2d at 696 (explaining that "prior intoxication-related convictions serve the purpose of enhancing the offense in Section 49.09(b), whereas prior convictions used in Section 12.42(d) serve the purpose of enhancing punishment").

*Analysis*

Here, the record shows that appellant was indicted for the offense of DWI, third or more, which constitutes a third-degree felony. *See* TEX. PENAL CODE § 49.09(b)(2). In the indictment, the State presented allegations concerning appellant's previous DWI convictions. The State also alleged that appellant was previously convicted of a felony offense of possession of a controlled substance, weighing at least 4 grams. *See* TEX. HEALTH & SAFETY CODE § 481.115 (classifying possession of controlled substance, weighing at least 4 grams but less than 200 grams, as second-degree felony).

With exceptions not applicable here, if it is shown on the trial of a third-degree felony that the defendant has previously been convicted of a felony, the defendant "shall be punished for a felony of the second degree." TEX. PENAL CODE § 12.42. The punishment range applicable to a second-degree felony is imprisonment for a term of two to 20 years and a fine of up to $10,000. TEX. PENAL CODE § 12.33. Thus, here, if convicted, appellant was subject to a punishment range of confinement for two to twenty years and a fine of up to $10,000. *See id.*

The record shows that, in its "Written Plea Admonishments," the trial court accurately admonished appellant in writing as to the punishment range applicable to his offense as follows: "If convicted of the above offense, you face the following range of punishment: . . . Imprisonment for a term of not more than 20 years or less than 2 years in the Texas Department of Criminal Justice; and in addition, a fine not

8

to exceed $10,000 may be assessed." *See* TEX. CODE CRIM. PROC. art. 26.13(a)(1), (d) (providing that trial court may admonish defendant either orally or in writing).

After the admonishments appears: "Comes now the Defendant, in open Court, joined by my attorney and states: . . . I fully understand each of the above written plea admonishments given by the Court and I have no questions," and "I am aware of the consequences of my plea." Appellant and his attorney signed underneath. Thus, the trial court received a signed statement that appellant understood the admonitions and consequences of his plea. *See id*. art. 26.13(d) (providing that if trial court makes admonitions in writing, "it must receive a statement signed by the defendant and [his] attorney that [the defendant] understands the admonitions and is aware of the consequences of his plea.").

Appellant's statement is followed by his Judicial Confession and additional signature. Finally, the document states, in pertinent part: "The Court has given the Defendant the admonishments set out in paragraphs numbered 1 through 17, above." And, the trial court's signature appears. It is undisputed that the Written Admonishments were given on the same day that appellant entered his plea. Appellant waived his right to have a court reporter record his plea. *See Cantu v. State*, 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist] 1999, pet. ref'd) (holding defendant who waived court reporter and received written admonishments could not show plea was involuntary).

9

Appellant argues that his plea was involuntary because the written plea admonishment form "does not have a place for the defendant to sign to so indicate that he has, in fact, been admonished as to the range of punishment" and "the form does not have a place for the Judge of the trial court to sign which would show [that] the defendant was properly apprised of the range of punishment as to the offense." As discussed, the record does not support appellant's argument.

Appellant further asserts that the trial court erred by not asking him on the day of *sentencing* if he "understood the punishment range" or "wished to withdraw his plea." "There is no requirement that the judge orally admonish a defendant when the defendant has signed written admonishments, statements, or waivers, and it is established that he understood them." *Willhite v. State*, No. 2-08-269-CR, 2009 WL 2356998, at *2 (Tex. App.—Fort Worth July 30, 2009, pet. ref'd) (mem. op., not designated for publication) (discussing TEX. CODE CRIM. PROC. art. 26.13(d)); *see Scott v. State*, 86 S.W.3d 374, 375–76 (Tex. App.—Fort Worth 2002, no pet.); *Lee v. State*, 39 S.W.3d 373, 375 n.1 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Thus, having previously admonished appellant in accordance with article 26.13 prior to receiving his plea, the trial court was not required to further question appellant about the voluntariness of his plea. *See Edwards*, 921 S.W.2d at 480–81 (holding that, after written admonishments given in accordance with article 26.13, trial court

not required to further question defendant about his understanding of admonishments and voluntariness of plea).

We conclude that the trial court properly admonished appellant regarding the applicable range of punishment. Because the trial court complied with the statutory requirements, we hold that appellant has not shown that his plea was involuntary.

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).

11