ACCEPTED
01-15-00135-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 12:16:36 AM
CHRISTOPHER PRINE
CLERK

01-15-00135-CR

In the First Court of Appeals of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/8/2015 12:16:36 AM

CHRISTOPHER A. PRINE
Clerk

Pete Rodriguez,
Appellant

v.

The State of Texas,
Appellee

On Appeal from Cause 1389063
In the 182nd District Court of Harris County

Brief for Appellant

Oral Argument Requested

Franklin Bynum
Texas Bar Number 24069451
franklin@bynumlaw.net

Bynum Law Office PLLC
2814 Hamilton Street
Houston, Texas 77002
(713) 343-8844

Counsel for Appellant

## Identity of Parties and Counsel

Appellant
    Pete Rodriguez
    SPN 01763152
    Harris County Jail
    701 North San Jacinto
    Houston, Texas 77002

Defense Counsel at Trial
    Mickel Newton, Jr.
    PO Box 772914
    Houston, Texas 77215

Prosecutor at Trial
    Stephen Driver
    *Assistant District Attorney*
    Harris County District Attorney's Office
    1201 Franklin Street, 6th Floor
    Houston, Texas 77002

Judge Presiding
    The Honorable Jeannine Barr
    182nd District Court
    1201 Franklin Street, 18th Floor
    Houston, Texas 77002

Appellant's Counsel
    Franklin Bynum
    Bynum Law Office PLLC
    2814 Hamilton Street
    Houston, Texas 77004

## Table of Contents

Identity of Parties and Counsel ............................................................. 2

Table of Contents ............................................................................... 3

Index of Authorities ........................................................................... 5

Statement of the Case......................................................................... 7

Issues............................................................................................... 7

Statement of Facts.............................................................................. 8

Argument .........................................................................................11

**Issue One**: The trial judge may not give an incorrect admonishment regarding eligibility for community supervision. In this case, the trial judge told the defendant that he was not eligible for community supervision from a jury, when in fact he was, and he relied on the incorrect admonishment when he elected for court punishment. Was the judge's incorrect admonishment harmful error? .........................................................11

   A. The law authorizes community supervision from a jury here ...... 11

   B. The trial judge committed fundamental error when she foreclosed the possibility of probation .................................................................12

   C. This is structural error not subject to harm analysis ...................14

**Issue Two**: Trial counsel must give accurate advice regarding eligibility for community supervision. The trial lawyer here incorrectly advised that community supervision was not available from a jury, and his client relied detrimentally on that advice. Was trial counsel ineffective for giving incorrect advice about eligibility for community supervision?................ 15

   A. *Strickland* requires proof of deficient conduct by preponderance of the evidence, then proof of prejudice by less than a preponderance of the evidence .................................................................................15

   B. Mr. Rodriguez was eligible and would have sought probation had he been correctly informed about his eligibility .................................17

Prayer ...................................................................................18

Certificate of Compliance .................................................18

Certificate of Service ......................................................18

## Index of Authorities

### Cases

*Arizona v. Fulminante*, 499 U.S. 279 (1991)..................................................14

*Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) .............................. 17

*Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006)........................14

*De Leon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004). ...................... 13

*Ex parte Williams*, 704 S.W.2d 773 (Tex. Crim. App. 1986) ................... 13

*Harrison v. State*, 688 S.W.2d 497 (Tex. Crim. App. 1985) ..................... 13

*Jefferson v. State*, 803 S.W.2d 470 (Tex. App–Dallas 1991) .................... 14

*McClenan v. State*, 661 S.W.2d 108 (Tex. Crim. App. 1983) .................... 13

*Miniel v. State*, 831 S.W.2d 310 (Tex. Crim. App. 1992) .......................... 16

*State v. Recer*, 815 S.W.2d 730 (Tex. Crim. App. 1991). .......................... 17

*Strickland v. Washington*, 466 U.S. 668 (1984) .......................................15, 16

*United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006)..............................14

*Wilkerson v. State*, 726 S.W.2d 542 (Tex. Crim. App. 1986) ................... 15

### Statutes

Tex. Code. Crim. Proc. Ann. art. 26.12 (West, WestlawNext through the end of the 84th Legislature). ........................................................................ 13

Tex. Code. Crim. Proc. Ann. art. 42.12 § 4(d) (West, WestlawNext through the end of the 84th Legislature). ................................................12

### Online Sources

John Bradley, *'Jessica's Law' comes to Texas*, TDCAA website, 2007, http://www.tdcaa.com/node/1450. ................................................. 11

H.B. 7, 80th Leg. (Tex. 2007) ................................................................................. 11

H.B. 7, introduced version, 80th Leg. (Tex. 2007). ................................................. 11

## Statement of the Case

A Harris County grand jury indicted Pete Rodriguez on November 6, 2013 for indecency with a child.[1] Rodriguez pleaded not guilty and the case proceeded to jury trial on January 15, 2015.[2] On January 21, 2015, the jury found Rodriguez guilty as charged in the indictment and the judge imposed a ten-year prison sentence.[3] Rodriguez gave notice of appeal on February 4, 2015.[4]

## Issues

**Issue One**: The trial judge may not give an incorrect admonishment regarding eligibility for community supervision. In this case, the trial judge told the defendant that he was not eligible for community supervision from a jury, when in fact he was, and he relied on the incorrect admonishment when he elected for court punishment. Was the judge's incorrect admonishment harmful error?

**Issue Two**: Trial counsel must give accurate advice regarding eligibility for community supervision. The trial lawyer here incorrectly advised that community supervision was not available from a jury, and his client relied detrimentally on that advice. Was trial

---

[1] (C.R. at 16)
[2] (3 R.R. at 128)
[3] (7 R.R. at 5)
[4] (C.R. at 123)

counsel ineffective for giving incorrect advice
about eligibility for community supervision?

The complainant in this case, whose birthday appears in the record,[5] described several times when her genitals were touched. The prosecutor asked her what happened in "November 2012" and she said that Mr. Rodriguez had come into the living room of the apartment—where she slept on the couch, and others slept nearby—and touched her "middle part" over her clothes without touching her skin.[6]

The complainant also claimed that Mr. Rodriguez touched her "skin to skin one time" without providing any information about when that might have happened or providing any other details about how she was touched that time.[7]

She described the first time she remembers being touched was in "fourth grade," when she said that he used his "hand" to touch her "middle part" without saying whether it was over clothes.[8] After fourth grade, it happened "more than once," but she did not say how many times or when.[9]

---

[5] The birthdate appears at Volume 5, Page 23, Line 10 and is not repeated here because the Rules define it as "sensitive data." Tex. R. App. P. 9.10.

[6] (5 R.R. at 35-37)

[7] (5 R.R. at 38)

[8] (5 R.R. at 53)

[9] (5 R.R. at 54)

At a pretrial conference before jury selection and before the defendant's plea and punishment election, the judge said: "So, then if you go forward with the case as it's charged, it is a second-degree felony, two years to 20 years in prison. If you're found guilty, the jury cannot assess probation. You understand that?"[10] The judge continued:

> THE COURT: Okay. And that's because—just so that the record's clear, Section 42.12, Section 4(d), as in dog, 5. Because it's my understanding that the age of the victim at the time of the offense was under 14?
>
> [PROSECUTOR]: Yes, Judge.
>
> THE COURT: Okay.[11]

And then, to emphasize the point once more:

> THE COURT: So, I just want to make sure that you understand that, that if in the event that there is a finding of guilt, probation—the jury can't even give you probation. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Okay. And is—at this time it is your choice to go forward with the trial?
>
> THE DEFENDANT: Yes, ma'am.

---

[10] (2 R.R. at 6)
[11] (2 R.R. at 6)

Mr. Rodriguez completed a punishment election selecting jury punishment.[12] He did not file a motion for community supervision. After the guilty verdict, Mr. Rodriguez switched his election to judge punishment, with the State's consent.[13]

The defense lawyer rested without calling any punishment witnesses and without making any argument.[14]

Appellate counsel filed a motion for new trial alleging that the trial lawyer incorrectly advised Mr. Rodriguez that he was not eligible for community supervision.[15]

The trial court held a hearing on the motion for new trial, by affidavit.[16] The trial court admitted an affidavit by the defense lawyer saying that his understanding was that Mr. Rodriguez was not eligible for community supervision.[17] Mr. Rodriguez stated in his affidavit that he relied to his detriment on the statements by both his lawyer and the trial judge, and that had he known he was eligible for community supervision he would have filed a sworn motion for community supervision and sought a probated sentence from the jury.[18] Mr. Rodriguez added that he would

---

[12] (C.R. at 106)
[13] (7 R.R. at 4)
[14] (7 R.R. at 5)
[15] (C.R. at 128)
[16] (1A R.R. at 4)
[17] (C.R. at 158)
[18] (C.R. at 156)

have testified on his own behalf had he known he was eligible for community supervision.[19] The trial court denied the motion for new trial.[20]

ARGUMENT

> **Issue One**: The trial judge may not give an incorrect admonishment regarding eligibility for community supervision. In this case, the trial judge told the defendant that he was not eligible for community supervision from a jury, when in fact he was, and he relied on the incorrect admonishment when he elected for court punishment. Was the judge's incorrect admonishment harmful error?

## A. The law authorizes community supervision from a jury here

In 2007, the Texas Legislature passed, and the governor signed, House Bill 8, known as "Jessica's Law."[21] The bill as originally introduced created a new first-degree felony for indecency by contact with a child under 14, and made the new offense not eligible for community supervision from a jury.[22] The enrolled version of the bill kept the restriction on community supervision, but dropped the new offense.[23]

---

[19] (C.R. at 155)
[20] (1A R.R. at 13)
[21] John Bradley, *'Jessica's Law' comes to Texas*, TDCAA website, 2007, http://www.tdcaa.com/node/1450.
[22] H.B. 7, introduced version, 80th Leg. (Tex. 2007).
[23] H.B. 7, 80th Leg. (Tex. 2007).

And so, the law today is that indecency with a child by contact is a second-degree felony that is eligible for community supervision, unless the complainant is under 14.[24] Since the age of the complainant is not an element of the offense, the mechanism for determining the age of the complainant—and eligibility for community supervision—is the same as any other eligibility requirement of 42.12 § 4: the fact issue is submitted to the jury, and if they found—among other requirements—that the complainant was 14 or older at the time of the offense, they would be empowered to probate the sentence.[25]

Since the indictment and the jury charge authorize a conviction for the offense if it occurred anytime within the limitations period—and there is no limitations period—the jury would be required to make a specific finding at punishment regarding the age of the complainant to probate the sentence.

## B. The trial judge committed fundamental error when she foreclosed the possibility of probation

This is apparently a case of first impression, regarding a judge's duty to provide correct information regarding eligibility for community supervision to a defendant who is pleading not guilty.

---

[24] *See* Tex. Code. Crim. Proc. Ann. art. 42.12 § 4(d) (West, WestlawNext through the end of the 84th Legislature).
[25] *See Id.*

There are scores of cases analyzing incorrect information in the context of a *guilty* plea, and they are unanimous: "a trial court has no duty to admonish as to the availability of probation," but if a judge chooses to admonish regarding eligibility before a plea of guilty, the admonishment must be correct.[26] The source of the judge's duty to provide accurate information is the statute providing the procedure for guilty pleas.[27]

The statutory procedure for not-guilty pleas is far less detailed, of course, because a plea of not guilty does not require waiving any rights: "If the defendant answers that he is not guilty, such plea shall be entered."[28] Yet, if the judge chooses to volunteer information about the availability of community supervision, that information must be correct; the source of this duty is foundational principles of Due Process under the Fifth and Fourteenth Amendments and Due Course of Law under the Texas Constitution.[29]

Even though probation is not part of the range of punishment, the incorrect admonishment here is analogous to a judge announcing that

---

[26] *Harrison v. State*, 688 S.W.2d 497, 499 (Tex. Crim. App. 1985).
[27] *Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986) ("trial court may impose a duty upon itself under Article 26.13(a)(1) to admonish a defendant accurately as to the availability of probation").
[28] Tex. Code. Crim. Proc. Ann. art. 26.12 (West, WestlawNext through the end of the 84th Legislature).
[29] *See McClenan v. State*, 661 S.W.2d 108, 109 (Tex. Crim. App. 1983) *overruled on other grounds by De Leon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004).

she will not consider the full range of punishment, a practice that is strictly forbidden.[30]

## C. This is structural error not subject to harm analysis

This case presents a dramatic systemic failure, in which the trial judge, the prosecutor, and the defense lawyer all unwittingly conspired to deprive Pete Rodriguez of the opportunity to seek community supervision from the jury. The ultimate responsibility for this failure rests with the trial judge, whose incorrect admonishment amounted to systemic error.

This is one of the "structural defects in the constitution of the trial mechanism, which defy analysis by 'harmless-error' standards."[31] Only a few categories of error count as structural defects; the quality they share is that they affect "the framework within which the trial proceeds, rather than simply an error in the trial process itself."[32]

In cases like this, harmless-error analysis fails to be anything but a constitutionally impermissible "speculative inquiry into what might have occurred in an alternative universe."[33]

In this case, what would have happened if the judge had announced the correct law, if a jury were selected with questions about

---

[30] *See, e.g., Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006); *Jefferson v. State*, 803 S.W.2d 470, 471 (Tex. App–Dallas 1991).
[31] *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991).
[32] *Id.*
[33] *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006).

probation, if the defense were made with the aim of making Mr. Rodriguez eligible for probation, if Mr. Rodriguez had not changed his punishment election to the judge from the jury. There are simply too many inquiries to make for an effective harm analysis. Under *Fulminate* and its progeny, this case presents systemic error that requires reversal without a harm analysis.

> **Issue Two**: Trial counsel must give accurate advice regarding eligibility for community supervision. The trial lawyer here incorrectly advised that community supervision was not available from a jury, and his client relied detrimentally on that advice. Was trial counsel ineffective for giving incorrect advice about eligibility for community supervision?

Trial counsel prepared the entire defense under the misunderstanding that Mr. Rodriguez was not eligible for community supervision. His failure to properly advice Mr. Rodriguez was ineffective assistance of counsel.

A. ***Strickland* requires proof of deficient conduct by preponderance of the evidence, then proof of prejudice by less than a preponderance of the evidence**

A defendant in a criminal case is entitled to the reasonably effective assistance of counsel[34]. Under the standard set out by the United

---

[34] *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986).

States Supreme Court in *Strickland v. Washington*,[35] a defendant seeking relief as a result of trial counsel's inept performance must first show that counsel's performance was deficient and then demonstrate that this deficient performance prejudiced the defense.[36] Trial counsel's performance is measured against an "objective standard of reasonableness" evaluated considering "prevailing professional norms."[37]

The two-part *Strickland* test carries two distinct burdens of proof: first, the defendant must prove deficient performance by a preponderance of the evidence; second, the defendant must prove that the outcome may have been different, but, importantly, prejudice *need not* be proven by a preponderance of evidence.[38] "The result of a proceeding can be rendered unreliable, and hence, the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome."[39]

Applying that framework to this exact situation, the Court of Criminal Appeals requires: 1) evidence that the defendant was initially eligible to receive probation; 2) that counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy; 3) that the defendant's decision to have the judge assess punishment was based

---

[35] 466 U.S. 668, 698 (1984).
[36] *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992).
[37] *Strickland*, 466 U.S. at 688.
[38] *Id.* at 694-96.
[39] *Id.*

on his attorney's erroneous advice; and 4) that the defendant's decision would have been different if her attorney had correctly informed her of the law. [40]

## B. Trial counsel was ineffective because Mr. Rodriguez was eligible and would have sought probation had he been correctly informed about his eligibility

Mr. Rodriguez stated in his affidavit admitted at hearing on the motion for new trial that he had not been convicted of a felony in this or any other state, and that he based his decision to not seek probation based on his lawyer's faulty advice. He stated that he would have sought probation had he known then what he knows now. He also stated that the incorrect advice interfered with his decision to testify in his defense. Trial counsel has no strategic reason for his action. This is a classic case of ineffective assistance of counsel.

Consider also that ineffective assistance may be the preferred procedural method—when available, as it is here—to address claims of fundamental error.[41]

Mr. Rodriguez need only show a reasonable *possibility* that the result would have been different. With a decent defense lawyer putting on an actual defense, there would have been a reasonable possibility that the result would have been different. The record does not contain much

---

[40] *State v. Recer*, 815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991).
[41] *See Blue v. State*, 41 S.W.3d 129, 144 (Tex. Crim. App. 2000) (Keller, P.J., dissenting).

evidence regarding the dates of the contact, but the jury charge authorized, and the jury was free to convict, based on any theory at all within the limitations period. With a defense that made a sound, strategic attack on the uncertainty regarding dates, there is a reasonable possibility the result would be different.

## Prayer

Pete Rodriguez prays that this Honorable Court reverse the judgment of conviction and remand for a new trial.

## Certificate of Compliance

The word-processing software used to write this brief reports its length as 2724 words before subtracting for any of the contents that may be excluded under Rule 9.4(i)(1).

## Certificate of Service

I provided this brief to the Harris County District Attorney by electronic service to curry_alan@dao.hctx.net simultaneously with the electronic filing of this document.

Respectfully,

/s/ Franklin Bynum

Bynum Law Office PLLC
2814 Hamilton Street
Houston, Texas 77002
(713) 343-8844

Franklin Bynum
Texas Bar Number 24069451
franklin@bynumlaw.net